**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 08 CV 2787 |
| CLARK MALL CORP. d/b/a | ) | |
| DISCOUNT MEGA MALL CORP., | ) | Judge Guzman |
| MARCOS I. TAPIA, JUAN E. BELLO, | ) | |
| JOSE L. GARCIA, LETICIA | ) | Magistrate Judge Ashman |
| HURTADO, YOUNG S. KO, MARIANO | ) | |
| KON, CHOONG I. KUAN, ROSA G. | ) | |
| MADRIGAL, HILDA MENDOZA, | ) | |
| MAN OK NO, HEE T. PARK, SUNG W. | ) | |
| PARK, MARIA L. ROMAN, VICTOR H. | ) | |
| VISOSO, KYUN HEE PARK, and | ) | |
| JENNIFER PARK, | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS DISCOUNT MEGA MALL CORP.,
KYUN HEE PARK, AND JENNIFER PARK**

NOW COME Defendants, DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and

JENNIFER PARK, by and through their Attorneys, Ordower & Ordower, P.C. and for their Answer

to GENERAL INSURANCE COMPANY OF AMERICA's Complaint for Declaratory Judgment

and other relief state as follows:

**I.
INTRODUCTION**

1.      In this insurance coverage action, General seeks a determination of its obligations to

defend and indemnify Discount, KYUN HEE PARK and JENNIFER PARK in an action

filed in the Circuit Court of Cook County, Illinois and styled *Marcos I. Tapia, Juan E. Bello,*

*Jose L. Garcia, Leticia Hurtado, Young S. Ko, Mariano Kon, Choong I. Kuan, Rosa G.*

*Madrigal, Hilda Mendoza, Man Ok No, Hee T. Park, Sung W. Park, Maria L. Roman and Victor*

*H.  Visoso v. Clark Mall Corp. d/b/a Discount Mega Mall Corp, Kyun Hee Park and Jennifer*

*Park,* docket No. 2007-L-0 12559 (the "Underlying Action," the "Underlying Complaint").

**ANSWER:**   Defendants admit that they tendered their defense in Circuit Court of Cook County

Case No. 2007-L-012559 to General.

2.   This court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in

that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is

between citizens of different States.

**ANSWER:**   Defendants lack information sufficient to form a belief as to the truth or falsity of this

paragraph, but demand strict proof thereof.

3.   Venue is proper in this district pursuant to 28 U.S.C. 1391(a), in that the events or

omissions occurred, and the subject property is situated within this district.

**ANSWER:**   Admit.

## II.
## THE PARTIES

4.   Plaintiff, General, is organized under the laws of Delaware, with its principal place of

business in Seattle, Washington, and is authorized to issue insurance in Illinois. General issued a

Commercial General Liability policy to Discount Mega Mall Corp. for the policy period effective

January 27, 2007 through January 27, 2008 and given policy No. 01CH399401. (A copy of the

Policy is attached as Exhibit A).

**ANSWER:**   Defendants admit that General issued a Commercial General Liability policy to

Discount Mega Mall Corp. for the policy period effective January 27, 2007 through

January 27, 2008, policy No. 01 CH 399401-1.  They lack information sufficient to

form a belief as to the truth or falsity of the rest of the paragraph, but demand strict

proof thereof.

5.   Defendant Discount is an Illinois corporation. Its principal place of business is in

2

Chicago, Illinois.

**ANSWER:**    Admit.

6.    Clark Mall Corp. is an Illinois corporation with its principal place of business in Chicago, Illinois.

**ANSWER:**    Admit.

7.    Defendant, Marcos I. Tapia, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

8.    Defendant, Juan E. Bello, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

9.    Defendant, Jose L. Garcia, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

10.    Leticia Hurtado, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

11.    Young S. Ko, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

12.    Mariano Kon, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

13.    Choong I. Kwon, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

14.    Rosa G. Madrigal, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

15.    Hilda Mendoza, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

16.    Man Ok No, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

17.    Hee T. Park, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

18.    Sung W. Park, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

19.    Maria L. Roman, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

20.    Victor H. Visoso, is, upon information and belief, a citizen of Illinois.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this

paragraph, but demand strict proof thereof.

### III. THE GENERAL POLICY

21.    General issued a Commercial General Liability policy to Discount for the policy

period effective January 27, 2007 through January 27, 2008 and given policy No. 01CH399401.

**ANSWER:**    Defendants admit that a policy was issued to Discount for the period January 27,

2007 through January 27, 2008, but believe the policy number is 01CH399401-1.

22.    The policy has commercial general liability limits of $1,000,000 per occurrence

$2,000,000 general aggregate (other than products-completed operations); and $2,000,000 products-

completed operations.

**ANSWER:**    Admit.

23.    The named insured on the policy is Discount Mega Mall Corp.

**ANSWER:**    Admit.

24.    Clark Mall Corp. does not qualify as an insured under the Policy.

**ANSWER:**    No answer is necessary in that the Policy speaks for itself with respect to CLARK

MALL CORP.'s qualification as an insured.

25.    Kyun Hee Park does not qualify as an insured under the Policy for the Underlying

Action.

**ANSWER:**    Deny.

26.    Jennifer Park does not qualify as an insured under the Policy for the Underlying

Action.

**ANSWER:**    Deny.

27.    The Policy reads in relevant part as follows:

## SECTION I – COVERAGES

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that results.

b.    This insurance applies to "bodily injury" and "property damage" only if:

1.    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

2.    The "bodily injury" or "property damage" occurs during the policy period

**2.    Exclusions**

This insurance does not apply to:

a.    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

j.    **Damage To Property**

"Property damage" to:

**(4)**    Property in the care, custody or control of the insured.

6

**SECTION II: WHO IS AN INSURED:**

1.     If you are designated in the Declarations as:

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**SECTION V – DEFINITIONS**

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    ***

    **13.** "Occurrence" means an accident, including continuous and repeated exposure to substantially the same general harmful conditions.

    ***

    **17.** "Property damage" means:

        **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it; or

        **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**ANSWER:**     No answer is necessary in that the Policy speaks for itself, except that Section V – Definitions, subsection 17a., second sentence should read as follows: "All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or"

### IV.     THE UNDERLYING ACTION

28.     The Underlying Plaintiffs filed the Underlying Action against Clark Mall Corp. d/b/a Discount Mega Mall Corp., Kyun Hee Park and Jennifer Park.

**ANSWER:**    Admit.

29.    On April 23, 2008, the Underlying Plaintiffs filed an Amended Complaint ("Amended Complaint") against Clark Mall Corp. d/b/a Discount Mega Mall Corp., Kyun Hee Park and Jennifer Park. A copy of the Amended Complaint is attached hereto as Exhibit B.

**ANSWER:**    Admit.

30.    The Amended Complaint alleges that Clark owned and operated the Mega Mall.

**ANSWER:**    Deny in that the Amended Complaint states that "Clark Mall Corp. d/b/a Discount Mega Mall Corp." owned and operated the Mega Mall.

31.    The Amended Complaint alleges that Kyun Hee Park owned and operated the Mega Mall and is President of Clark.

**ANSWER:**    Deny in that the Amended Complaint states that KYUN HEE PARK is President of Discount Mega Mall; the remainder of the paragraph is admitted.

32.    The Amended Complaint alleges that Jennifer Park is Secretary of Clark.

**ANSWER:**    Deny in that the Amended Complaint states the JENNIFER PARK is Secretary of Discount Mega Mall.

33.    Count I of the Amended Complaint alleges that all defendants committed fraud. The allegations of fraud are based upon misrepresentations and concealments of fact allegedly committed by defendants in 2005 and 2006. In Count I, Underlying Plaintiffs seek recovery for lost profits, loss of business value and loss of value of merchandise along with punitive damages.

**ANSWER:**    No answer is necessary in that the Complaint speaks for itself.

34.    Count II of the Amended Complaint alleges that all defendants violated the Illinois Consumer Fraud and Deceptive Business Practice Act. The allegations of Count II are based upon misrepresentations and concealments of fact allegedly committed in 2005 and 2006. In Count IV, Underlying Plaintiffs seek recovery for lost profits, loss of business value and loss of value of

merchandise along with punitive damages.

**ANSWER:**     No answer is necessary in that the Complaint speaks for itself, except that the

Amended Complaint does not contain a Court IV, and Count II does not seek

recovery for punitive damages.

35.     Count III of the Complaint alleges all defendants negligently failed to maintain and

operate the Mega Mall, resulting in a fire occurring on September 7, 2007. Underlying Plaintiffs

seek damages for the destruction of their merchandise and tangible assets placed in their retail

spaces, lost value of the business and lost profits due to the destruction of their merchandise and

tangible assets stored or placed in their retail spaces, along with punitive damages.

**ANSWER:**     No answer is necessary in that the Complaint speaks for itself.

## COUNT I

36.     General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set

forth above.

**ANSWER:**     Defendants re-allege and incorporate, as if fully set forth herein, their answers to

paragraphs 1-35 as set forth above.

37.     The General Policy does not and did not cover or potentially provide coverage to

Clark for any of the Counts in the underlying Complaint because Clark is not an insured under the

General Policy.

**ANSWER:**     Deny, in that the Underlying Complaint names "Clark Mall Corp. d/b/a Discount

Mega Mall Corp." as a defendant.

## COUNT II

38.     General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set

forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to

paragraphs 1-35 as set forth above.

39.    The General Policy does not and did not cover or potentially provide coverage to

Kyun Hee Park for any of the Counts in the underlying Complaint because Kyun Hee Park does not

qualify as an insured under the General Policy for the Underlying Action.

**ANSWER:**    Deny, in that KYUN HEE PARK, as President and primary shareholder of

DISCOUNT MEGA MALL CORP., qualifies as an insured under Section II.1.d.of

the Policy, which states that "…"executive officers" and directors are insureds, but

only with respect to their duties as your officers or directors. Your stockholders are

also insureds, but only with respect to their liability as stockholders."

## COUNT III

40.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set

forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to

paragraphs 1-35 as set forth above.

41.    The General Policy does not and did not cover or potentially provide coverage to

Jennifer Clark for any of the Counts in the underlying Complaint because Jennifer Clark does not

qualify as an insured under the General Policy for the Underlying Action.

**ANSWER:**    Deny, in that JENNIFER PARK, as Secretary of DISCOUNT MEGA MALL

CORP., qualifies as an insured under Section II.1.d. of the policy, which states

"…"executive officers" and directors are insureds, but only with respect to their

duties as your officers or directors."

10

## COUNT IV

42.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to paragraphs 1-35 as set forth above.

43.    The General Policy does not and did not cover or potentially provide coverage to Discount because it is not a defendant in the underlying lawsuit.

**ANSWER:**    Deny.  It is clearly a Defendant.

## COUNT V

44.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to paragraphs 1-35 as set forth above.

45.    The General Policy does not and did not cover or potentially provide coverage to Clark, Discount, Kyun Hee Park or Jennifer Park for Counts I and II because the acts or omissions and damages alleged the cause of Underlying Plaintiff's damages occurred prior to the inception date of the General Policy.

**ANSWER:**    Deny, in that General is obligated under Illinois law to defend its insured if any one of the theories alleged in the Underlying Complaint potentially falls within the coverage of the Policy.

## COUNT VI

46.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-40 as set

forth above.

**ANSWER:**  Defendants re-allege and incorporate, as if fully set forth herein, their answers to

paragraphs 1-40 as set forth above.

47.    The General Policy does not and did not cover or potentially provide coverage to

Clark Mall, Discount Mega Mall, Kyun Hee Park or Jennifer Park for Counts I and II because

damages claimed in these Counts allegedly resulted from intentional acts.

**ANSWER:**  Deny, in that General is obligated under Illinois law to defend its insured if any one

of the theories alleged in the Underlying Complaint potentially falls within the

coverage of the Policy.

## COUNT VII

48.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set

forth above.

**ANSWER:**  Defendants re-allege and incorporate, as if fully set forth herein, their answers to

paragraphs 1-35 as set forth above.

49.    The General Policy does not and did not cover or potentially provide coverage to

Clark Mall, Discount Mega Mall, Kyun Hee Park or Jennifer Park for Counts I and II because these

Counts do not allege either bodily injury or property damage as defined by the General Policy.

**ANSWER:**  Deny in that General is obligated under Illinois law to defend its insured if any one of

the theories alleged in the Underlying Complaint potentially falls within the coverage

of the Policy.  Further answering, Count III of the Underlying Complaint claims

property damage from an occurrence during the Policy period at paragraph 80.  See

Plaintiff's Exhibit B, p. 20.

12

## COUNT VIII

50.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1-35 as set forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to paragraphs 1-35 as set forth above.

51.    The General Policy does not provide coverage or potentially provide coverage to Discount for Counts I and II because these Counts of the Complaint do not allege an "occurrence" as that term is defined in the Policy.

**ANSWER:**    No answer is necessary in that the Policy speaks for itself.  Further answering, General is obligated under Illinois law to defend its insured if any one of the theories alleged in the Underlying Complaint potentially falls within the coverage of the Policy.

## COUNT IX

52.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1 _ 35 as set forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to paragraphs 1-35 as set forth above.

53.    At the time of the fire alleged in Count III of the Amended Complaint, all of the merchandise and other tangible assets of the Underlying Plaintiffs were inside the Discount Mega Mall building.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity of this paragraph, but demand strict proof thereof.

54.    At the time of the fire alleged in Count III of the Amended Complaint, the Discount Mega Mall building was closed for the day, and the only persons with access to the building or the

13

merchandise and other tangible assets of the Underlying Plaintiffs were Discount and its employees or agents.

**ANSWER:**    Defendants lack information sufficient to form a belief as to the truth or falsity this paragraph, but demand strict proof thereof.

55.    At the time of the fire alleged in Count III of the Amended Complaint, the merchandise and other tangible assets of the Underlying Plaintiffs were within the care, custody and control of Discount and its agents and employees.

**ANSWER:**    Deny.

56.    The General policy does not and did not cover or potentially provide coverage to Clark, Discount, Kyun Hee Park or Jennifer Park for the damages sought in Count III because in Count III, the Underlying Plaintiffs seek recovery for damages to property within the care, custody and control of the named insured, Discount, at the time of the fire which destroyed the property. Accordingly, the damages sought in Count VII are excluded pursuant to Exclusion 2(j).

**ANSWER:**    Deny.

**COUNT IX**

57.    General re-alleges and incorporates, as if fully set forth herein, paragraphs 1 - 35 as set forth above.

**ANSWER:**    Defendants re-allege and incorporate, as if fully set forth herein, their answers to paragraphs 1-35 as set forth above.

58.    Counts I, II and III of the Amended Complaint all seek recovery of punitive damages.

**ANSWER:**    No answer is necessary in that the Complaint speaks for itself, except that Count II of the Amended Complaint does not seek recovery of punitive damages.

59.     The General Policy does not provide coverage for any punitive damages sought because punitive damages are not insurable in Illinois.

**ANSWER:**     No answer is necessary in that the Policy speaks for itself and Plaintiff requests for its interpretation under Illinois law.

WHEREFORE, Defendants DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK request that this Court enter a judgment and order determining that Plaintiff GENERAL INSURANCE COMPANY OF AMERICA is obligated under the Policy to defend and indemnify Defendants in the Underlying Action, and granting any further relief the Court deems just.

## COUNTERCLAIM OF DISCOUNT MEGA MALL CORP., KYUN HEE PARK, AND JENNIFER PARK FOR DECLARATORY JUDGMENT AND OTHER RELIEF

1.     In this action for declaratory judgment, Counter-Plaintiffs DISCOUNT MEGA MALL CORP. ("Discount"), KYUN HEE PARK, and JENNIFER PARK seek a determination of GENERAL INSURANCE COMPANY OF AMERICA's ("General" and "Plaintiff") obligation to defend and indemnify them in the action filed in the Circuit Court of Cook County, Illinois and styled *Marcos I. Tapia, Juan E. Bello, Jose L. Garcia, Leticia Hurtado, Young S. Ko, Mariano Kon, Choong I. Kwon, Rosa G. Madrigal, Hilda Mendoza, Man Ok No, Hee T. Park, Sung W. Park, Maria L. Roman, and Victor H. Visoso v. Clark Mall Corp. d/b/a Discount Mega Mall Corp, Kyun Hee Park, Jennifer Park, and Unknown additional Defendants, as their interests, if any, may be determined,* docket No. 2007-L-12559 (the "Underlying Action," the "Underlying Complaint"). A copy of the Underlying Complaint is attached to Plaintiff's Complaint as Exhibit B.

2.     This court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in

that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

3.     Venue is proper in this district pursuant to 28 U.S.C. 1391(a), in that the events or omissions occurred, and the subject property is situated within this district.

4.     Plaintiff, General, is organized under the laws of Delaware, with its principal place of business in Seattle, Washington, and is authorized to issue insurance in Illinois. General issued a Commercial General Liability policy to Discount for the policy period effective January 27, 2007 through January 27, 2008 and given policy No. 01CH399401-1 ("Policy"). A copy of the Policy is attached to Plaintiff's Complaint as Exhibit A.

5.     Discount is the named insured on the policy.

6.     The Policy has commercial general liability limits of $1,000,000 per occurrence; $2,000,000 general aggregate (other than products-completed operations); and $2,000,000 products-completed operations.

7.     The Discount Mega Mall, described in the Underlying Complaint as "a parcel of real estate commonly known as 2500-14 Milwaukee Avenue/2464 N. Linden Pl, Chicago, Cook County, Illinois 60647," is the covered property under the Policy described therein as 2456-2530 N. Milwaukee Avenue, Chicago, IL 60647. Compare Plaintiff's Exhibit B, pp. 1-2, with Plaintiff's Exhibit A, p. 12 (Commercial General Liability Coverage Part Declarations).

## THE UNDERLYING COMPLAINT

8.     Count III of the Underlying Complaint alleges, among other things, "the destruction of …merchandise and other tangible assets stored or placed in [Underlying Plaintiffs'] retail spaces…" from a fire which occurred on the covered property on September 7, 2007. See Plaintiff's Exhibit B, pp. 13, 19.

9.     The Underlying Complaint seeks damages as a result of Counter-Plaintiffs'

negligence in causing the fire.  See Plaintiff's Exhibit B, p. 20.

10.    The Underlying Complaint names "Clark Mall Corp. d/b/a Discount Mega Mall

Corp.," "KYUN HEE PARK," and "JENNIFER PARK" as defendants.

## GENERAL'S OBLIGATION TO DEFEND DISCOUNT

11.    The Policy reads in relevant part as follows:

## SECTION I – COVERAGES

## COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that results.

b.    This insurance applies to "bodily injury" and "property damage" only if:

1.    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

2.    The "bodily injury" or "property damage" occurs during the policy period

## SECTION V – DEFINITIONS

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**13.**    "Occurrence" means an accident, including continuous and repeated exposure to substantially the same general harmful conditions.

***

17

**17.**    "Property damage" means:

**a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

See Plaintiff's Exhibit A, Commercial General Liability Coverage Form, Section 1.A.1., Section 5.

12.    The registered agent of Discount was served a copy of Underlying Complaint.

13.    The allegations of the Underlying Complaint concern the property located at 2500-2514 N. Milwaukee Avenue/2464 N. Linden Place, Chicago, IL  60647, the owner of the property, and its officers and agents.

14.    Discount is named in the Underlying Complaint as an owner of the subject property located at 2500-2514 N. Milwaukee Avenue/2464 N. Linden Place, Chicago, IL  60647.

15.    The Underlying Complaint clearly shows that the Underlying Plaintiffs intended to name Discount by naming "Clark Mall Corp. d/b/a Discount Mega Mall Corp.," along with its officer and agents, and serving the Underlying Complaint upon Discount.

16.    The Illinois Code of Civil Procedure, 735 ILCS 5/2-401(b), provides that "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires."

17.    Discount is prohibited, pursuant to 735 ILCS 5/2-401, from dismissing the Underlying Action, and instead must move the Circuit Court of Cook County to correct its name on the pleadings.

18.    Because Discount is the real party in interest in the Underlying Complaint, and the Underlying Complaint concerns property described as 2500-2514 N. Milwaukee Avenue/2464 N. Linden Place, Chicago, IL  60647, which is the same property covered under the Policy, 2456-2530 N. Milwaukee Ave., Chicago, IL  60647, General is obligated to defend and indemnify it in the

Underlying Action.

## GENERAL'S OBLIGATION TO DEFEND KYUN HEE PARK AND JENNIFER PARK

19.    KYUN HEE PARK is, and was at all times relevant to the Underlying Complaint, President of Discount.

20.    The Underlying Complaint alleges that "Mr. Park is President of the Discount Mega Mall..." See Plaintiff's Exhibit B, p. 5.

21.    JENNIFER PARK is, and was at all times relevant to the Underlying Complaint, Secretary of Discount.

22.    The Underlying Complaint alleges that "Mrs. Park is Secretary of the Discount Mega Mall." See Plaintiff's Exhibit B, p. 5.

23.    KYUN HEE PARK is, and was at all times relevant to the Underlying Complaint, the primary shareholder of Discount.

24.    The Underlying Complaint alleges that "At all times relevant to this lawsuit, Defendant, Kyun Hee Park ("Mr. Park"), owned...or had an interest in the Mega Mall." See Plaintiff's Exhibit B, pp. 4-5.

25.    The Underlying Complaint alleges that "At all times relevant to this lawsuit, Defendant, Jennifer Park ("Mrs. Park") owned...or had an interest in the Mega Mall. See Plaintiff's Exhibit B, p. 5.

26.    The Underlying Complaint alleges that "[d]efendants failed to exercise reasonable skill and care in performance of their duties, which resulted in the 2007 Fire." See Plaintiff's Exhibit B, p. 19.

27.    The Underlying Complaint further asserts that because KYUN HEE PARK and JENNIFER PARK "owned...or had an interest in the Mega Mall...they owed a duty of care to Plaintiffs to maintain and operate the Mega Mall with reasonable skill and care in compliance with

the City's building and safety and health requirements." See Plaintiff's Exhibit B, pp. 19.

28.    The Underlying Complaint claims damages as a result of KYUN HEE PARK's and JENNIFER PARK's alleged negligence with respect to their duty of care as officers and owners of the Discount Mega Mall. See Plaintiff's Exhibit B, p. 20.

29.    Therefore, KYUN HEE PARK and JENNIFER PARK qualify as insureds under the Policy for purposes of the Underlying Action and General is obligated to defend and indemnify them.

## GENERAL'S OBLIGATION TO DEFEND DISCOUNT, KYUN HEE PARK, AND JENNIFER PARK IN THE UNDERLYING ACTION

30.    Count III of the Underlying Complaint alleges that the Underlying Plaintiffs leased retail space at the Discount Mega Mall, pursuant to which they kept merchandise and other tangible assets on the premises. See Plaintiff's Exhibit B, pp. 2-3.

31.    The Underlying Complaint alleges that "[o]n or about September 7, 2007, a fire broke out at the Mega Mall and ripped through a portion of it…" See Plaintiff's Exhibit B, p. 13.

32.    The Underlying Complaint further alleges that "[a]s a result of the 2007 Fire, a portion of the Mega Mall, including Building 4, was completely destroyed." See Plaintiff's Exhibit B, p. 13.

33.    The Underlying Complaint seeks damages for "the destruction of [Underlying Plaintiffs'] merchandise and other tangible assets stored or placed in their retail spaces" as a result of Counter-Plaintiffs' alleged negligence with respect to building maintenance. See Plaintiff's Exhibit B, pp. 19-20.

34.    The September 7, 2007 fire was an occurrence, defined under the Policy as "an accident," during the Policy period of January 27, 2007-January 27, 2008. See Plaintiff's Exhibit A,

Commercial General Liability Coverage Part, Sections I.1.a-b, V.13, 17.

35.    Therefore, General is obligated to defend and indemnify Counter-Plaintiffs with respect to Count III of the Underlying Complaint.

36.    Under Illinois law, an insurer must defend its insureds "even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy." *Valley Forge Ins. v. Swiderski Elec.*, 223 Ill.2d 352, 363 (2006).

37.    Therefore, General is obligated to defend Counter-Plaintiffs with respect to the entire Underlying Action

## GENERAL'S OBLIGATION FOR COSTS AND ATTORNEY'S FEES IN THE UNDERLYING ACTION

38.    The Underlying Action was filed in Cook County Circuit Court on November 6, 2007.

39.    Counter-Plaintiffs obtained counsel, who filed an appearance on their behalf in the Underlying Action on December 4, 2007.

40.    Counter-Plaintiffs' counsel has attended several hearings and engaged in Motion practice in the Underlying Action.

41.    Under Illinois law, "an insurer that is obligated to defend its insured is responsible for the total indemnity and defense costs of a claim." *Richard Marker Assoc. v. Pekin Ins. Co.*, 318 Ill. App. 3d 1137, 1144 (2nd Dist. 2001) (citing *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill.2d 23, 56 (1987); *see West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842 (7th Cir. 1999) (citing *Cincinnati Companies v. West American Insurance Co.*, 183 Ill.2d 317, 327 (1998)) (an insurer "is responsible for all legal fees reasonably incurred before it assumed the defense").

42.    Therefore, General is obligated to reimburse Counter-Plaintiffs for their costs and

attorney's fees incurred in defending the Underlying Action to date.

## GENERAL'S OBLIGATION FOR COSTS AND ATTORNEY'S FEES IN THIS ACTION

43.     Counter-Plaintiffs tendered their defense of the Underlying Action to General on February 1, 2008.

44.     Counter-Plaintiffs tendered the Amended Complaint in the Underlying Action to General on May 1, 2008.

45.     Rather than accept the tender, General filed this Declaratory Judgment Action on May 14, 2008.

46.     General's claims in this Declaratory Judgment Action are without basis in Illinois law, and are unreasonable and vexatious.

47.     Under Illinois law, an insured may recover fees and costs incurred in defending a Declaratory Judgment Action where the insurer's claims are unreasonable and vexatious. *Westchester Fire v. G. Heileman Brewing*, 321 Ill. App. 3d 622, 637 (1st Dist. 2001); 215 ILCS 5/155 (West 2008).

WHEREFORE, Counter-Plaintiffs DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK request that this Court enter a judgment and order (1) determining that Counter-Defendant GENERAL INSURANCE COMPANY OF AMERICA is obligated under the Policy to defend and indemnify Counter-Plaintiffs in the Underlying Action, including reimbursement for their costs and attorney's fees incurred to date; (2) granting Counter-Plaintiffs costs and reasonable attorney's fees with respect to this Declaratory Judgment Action; and (3) granting any further relief the Court deems just.

Respectfully submitted,

Attorney for Defendants/Counter-Plaintiffs
Discount Mega Mall Corp.,
Kyun Hee Park, and
Jennifer Park

Lawrence B. Ordower
Michael T. Stanley
Ordower & Ordower, P.C.
One North LaSalle Street #1300
Chicago, IL  60602
312-263-5122

C:\Documents and Settings\Larry Ordower\Desktop\Jacob Ramer\GICA v. Clark Mall, et al - Answer.doc