IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GENERAL INSURANCE COMPANY<br>OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK MALL CORP. d/b/a DISCOUNT MEGA<br>MALL CORP., MARCOS I. TAPIA, JUAN E.<br>BELLO, JOSE L. GARCIA, LETICIA HURTADO,<br>YOUNG S. KO, MARIANO KON, CHOONG I.<br>KUAN, ROSA G. MADRIGAL, HILDA<br>MENDOZA, MAN OK NO, HEE T. PARK,<br>SUNG W. PARK, MARIA L. ROMAN,<br>VICTOR H. VISOSA, KYUN HEE PARK and<br>JENNIFER PARK,<br>　　　　Defendants. | Case No. CV 2787<br><br>Judge Guzman<br><br>Magistrate Judge Ashman |

## ANSWER TO COUNTERCLAIM

NOW COMES Plaintiff-Counter Defendant, GENERAL INSURANCE COMPANY OF AMERICA, by and through its attorneys, Johnson & Bell, Ltd., and for its Answer to Counterclaim of Defendants-Counter Plaintiffs DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK, states as follows:

　　1.　　In this action for declaratory judgment, Counter-Plaintiffs DISCOUNT MEGA MALL CORP. ("Discount"), KYUN HEE PARK, and JENNIFER PARK seek a determination of GENERAL INSURANCE COMPANY OF AMERICA's ("General" and "Plaintiff") obligation to defend and indemnify them in the action filed in the Circuit Court of Cook County, Illinois and styled *Marcos I. Tapia, Juan E. Bello, Jose L. Garcia, Leticia Hurtado, Young S. Ko, Mariano Kon, Choong I. Kwon, Rosa G. Madrigal, Hilda Mendoza, Man Ok No, Hee T. Park, Sung W. Park, Maria L. Roman, and Victor H. Visoso v. Clark Mall Corp. d/b/a Discount Mega Mall Corp., Kyun Hee Park, Jennifer Park, and Unknown Additional Defendants*, as their

*interests, if any, may be determined,* docket No. 2007-L-12559 (the "Underlying Action", the "Underlying Complaint"). A copy of the Underlying Complaint is attached to Plaintiff's Complaint as Exhibit B.

**ANSWER:** Admitted.

2. This court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

**ANSWER:** Admitted.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(a), in that the events or omissions occurred, and the subject property is situated within this district.

**ANSWER:** Admitted.

4. Plaintiff, General, is organized under the laws of Delaware, with its principal place of business in Seattle, Washington, and is authorized to issue insurance in Illinois. General issued a Commercial General Liability policy to Discount for the policy period effective January 27, 2007 through January 27, 2008 and given policy No. 01CH399401-1 ("Policy"). A copy of the Policy is attached to Plaintiff's Complaint as Exhibit A.

**ANSWER:** Admitted.

5. Discount is the named insured on the policy.

**ANSWER:** Admitted.

6. The Policy has commercial general liability limits of $1,000,000 per occurrence; $2,000,000 general aggregate (other than products-completed operations); and $2,000,000 products-completed operations.

**ANSWER:** Admitted.

7. The Discount Mega Mall, described in the Underlying Complaint as "a parcel of real estate commonly known as 2500-14 Milwaukee Avenue/2464 N. Linden Pl., Chicago, Cook County, Illinois 60647," is the covered property under the Policy described therein as 2456-2530 N. Milwaukee Avenue, Chicago, IL 60647. Compare Plaintiff's Exhibit B, pp. 1-2, with Plaintiff's Exhibit A., p. 12 (Commercial General Liability Coverage Part Declarations).

**ANSWER:** Denied.

## THE UNDERLYING COMPLAINT

8. Count III of the Underlying Complaint alleges, among other things, "the destruction of ... merchandise and other tangible assets stored or placed in [Underlying Plaintiffs'] retail spaces ... " from a fire which occurred on the covered property on September 7, 2007. See Plaintiff's Exhibit B, pp. 13, 19.

**ANSWER:** General admits that the quoted language appears in the Underlying Complaint, but denies that paragraph 8 properly characterizes the Underlying Complaint and denies the remaining allegations of paragraph 8.

9. The Underlying Complaint seeks damages as a result of Counter-Plaintiffs' negligence in causing the fire. See Plaintiff's Exhibit B., p. 20.

**ANSWER:** General denies that paragraph 9 properly characterizes the Underlying Complaint.

10. The Underlying Complaint names "Clark Mall Corp. d/b/a Discount Mega Mall Corp.," "KYUN HEE PARK," and JENNIFER PARK" as defendants.

**ANSWER:** Admitted.

## GENERAL'S OBLIGATION TO DEFEND DISCOUNT

11. The Policy reads in relevant part as follows:

**SECTION I – COVERAGES**

**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE.**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that results.

   b. This insurance applies to "bodily injury: and "property damage" only if:

      1. The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      2. The "bodily injury" or "property damage" occurs during the policy period.

**SECTION V – DEFINITIONS**

   3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   \*\*\*

   13, "Occurrence" means an accident, including continuous and repeated exposure to substantially the same general harmful conditions.

   \*\*\*

   17. "Property damage" means"

      a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   See Plaintiff's Exhibit A, Commercial General Liability Coverage Form ,Section 1.A.1., Section 5.

   **ANSWER:** Admitted.

12. The registered agent of Discount was served a copy of Underlying Complaint.

**ANSWER:** This defendant does not have sufficient information or knowledge upon which to base a belief as to the allegations of paragraph 12 and therefore denies same.

13 The allegations of the Underlying Complaint concern the property located at 2500-2514 N. Milwaukee Avenue/2464 N. Linden Place, Chicago, IL 60647, the owner of the property, and its officers and agents.

**ANSWER:** Denied.

14. Discount is named in the Underlying Complaint as an owner of the subject property located at 2500-2514 N. Milwaukee Avenue/2464 N. Linden Place, Chicago, IL 60647.

**ANSWER:** Denied.

15. The Underlying Complaint clearly shows that the Underlying Plaintiffs intended to name Discount by naming "Clark Mall Corp. d/b/a Discount Mega Mall Corp.," along with its officer and agents, and serving the Underlying Complaint upon Discount.

**ANSWER:** Denied.

16. The Illinois Code of Civil Procedure, 735 ILCS 5/2-401(b), provides that "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires."

**ANSWER:** Admitted.

17. Discount is prohibited, pursuant to 735 ILCS 5/2-401, from dismissing the Underlying Action, and instead must move the Circuit Court of Cook County to correct its name on the pleadings.

**ANSWER:** Denied.

18. Because Discount is the real party in interest in the Underlying Complaint, and the Underlying Complaint concerns property described as 2500-2514 N. Milwaukee Avenue/2464 N. Linden Place, Chicago, IL 60647, which is the same property covered under the Policy, 2456-2530 N. Milwaukee Ave., Chicago, IL 60647, General is obligated to defend and indemnify it in the Underlying Action.

**ANSWER:** Denied.

**GENERAL'S OBLIGATION TO DEFEND KYUN HEE PARK AND JENNIFER PARK**

19. KYUN HEE PARK is, and was at all times relevant to the Underlying Complaint, President of Discount.

**ANSWER:** This defendant does not have information or knowledge sufficient to form a belief as to the averments of paragraph 19 and therefore denies same.

20. The Underlying Complaint alleges that "Mr. Park is President of the Discount Mega Mall …" See Plaintiff's Exhibit B, p. 5.

**ANSWER:** Admitted.

21. JENNIFER PARK is, and was at all times relevant to the Underlying Complaint, Secretary of Discount.

**ANSWER:** This defendant does not have information or knowledge sufficient to form a belief as to the averments of paragraph 21 and therefore denies same.

22. The Underlying Complaint alleges that "Mrs. Park is Secretary of the Discount Mega Mall." See Plaintiff's Exhibit B, p.5.

**ANSWER:** Admitted.

23. KYUN HEE PARK is, and was at all times relevant to the Underlying Complaint, the primary shareholder of Discount.

**ANSWER:** This defendant does not have information or knowledge sufficient to form a belief as to the averments of paragraph 23 and therefore denies same.

24. The Underlying Complaint alleges that "At all times relevant to this lawsuit, Defendant, Kyun Hee Park ("Mr. Park"), owned ... or had an interest in the Mega Mall." See Plaintiff's Exhibit B, pp. 4-5.

**ANSWER:** Admitted.

25. The Underlying Complaint alleges that "At all times relevant to this lawsuit, Defendant, Jennifer Park ("Mrs. Park") owned ... or had an interest in the Mega Mall. See Plaintiff's Exhibit B, p. 5.

**ANSWER:** Admitted.

26. The Underlying Complaint alleges that "[d]efendants failed to exercise reasonable skill and care in performance of their duties, which resulted in the 2007 fire." See Plaintiff's Exhibit B, p. 19.

**ANSWER:** Admitted.

27. The Underlying Complaint further asserts that because KYUN HEE PARK and JENNIFER PARK "owned ... or had an interest in the Mega Mall ... they owed a duty of care to Plaintiffs to maintain and operate the Mega Mall with reasonable skill and care in compliance with the City's building and safety and health requirements." See Plaintiff's Exhibit B, pp. 19.

**ANSWER:** Admitted.

28. The Underlying Complaint claims damages as a result of KYUN HEE PARK's and JENNIFER PARK's alleged negligence with respect to their duty of care as officers and owners of the Discount Mega Mall. See Plaintiff's Exhibit B, p. 20.

**ANSWER:** Denied.

29. Therefore, KYUN HEE PARK and JENNIFER PARK qualify as insureds under the Policy for purposes of the Underlying Action and General is obligated to defend and indemnify them.

**ANSWER:** Denied.

## GENERAL'S OBLIGATION TO DEFEND DISCOUNT, KYUN HEE PARK, AND JENNIFER PARK IN THE UNDERLYING ACTION

30. Count III of the Underlying Complaint alleges that the Underlying Plaintiffs leased retail space at the Discount Mega Mall, pursuant to which they kept merchandise and other tangible assets on the premises. See Plaintiff's Exhibit B, pp. 2-3.

**ANSWER:** Admitted.

31. The Underlying Complaint alleges that "[o]n or about September 7, 2007, a fire broke out at the Mega Mall and ripped through a portion of it ..." See Plaintiff's Exhibit B, p. 13.

**ANSWER:** Admitted.

32. The Underlying Complaint further alleges that "[a]s a result of the 2007 Fire, a portion of the Mega Mall, including Building 4, was completed destructed." See Plaintiff's Exhibit B, p. 13.

**ANSWER:** Admitted.

33. The Underlying Complaint seeks damages for "the destruction of [Underlying Plaintiffs'] merchandise and other tangible assets stored or placed in their retail spaces" as a result of Counter-Plaintiffs' alleged negligence with respect to building maintenance. See Plaintiff's Exhibit B, pp. 19-20.

**ANSWER:**   Admitted.

34.   The September 7, 2007 fire was an occurrence, defined under the Policy as "an accident," during the Policy period of January 27, 2007-January 27, 2008. See Plaintiff's Exhibit A, Commercial General Liability Coverage Part, Sections I.1.a-b, V.13, 17.

**ANSWER:**   Denied.

35.   Therefore, General is obligated to defend and indemnify Counter-Plaintiffs with respect to Count III of the Underlying Complaint.

**ANSWER:**   Denied.

36.   Under Illinois law, an insurer must defend its insureds "even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy." *Valley Forge Ins. v. Swiderski Elec.*, 223 Ill.2d 352, 363 (2006).

**ANSWER:**   Admitted.

37.   Therefore, General is obligated to defend Counter-Plaintiffs with respect to the entire Underlying Action.

**ANSWER:**   Denied.

## GENERAL'S OBLIGATION FOR COSTS AND ATTORNEY'S FEES IN THE UNDERLYING ACTION

38.   The Underlying Action was filed in Cook County Circuit Court on November 6, 2007.

**ANSWER:**   Admitted.

39.   Counter-Plaintiffs obtained counsel, who filed an appearance on their behalf in the Underlying Action on December 4, 2007.

**ANSWER:**   Admitted.

40. Counter-Plaintiffs' counsel has attended several hearings and engaged in Motion practice in the Underlying Action.

**ANSWER:** This defendant does not have information or knowledge sufficient to form a belief as to the averments of paragraph 40 and therefore denies same.

41. Under Illinois law, "an insurer that is obligated to defend its insured is responsible for the total indemnity and defense costs of a claim." *Richard Marker Assoc. v. Pekin Ins. Co.*, 318 Ill. App. 3d 1137, 1144 (2nd Dist. 2001) (citing *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill.2d 23, 56 (1987); *see West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842 (7th Cir. 1999) (citing *Cincinnati Companies v. West American Insurance Co.*, 183 Ill.2d 317, 327 (1998)) (an insurer "is responsible for all legal fees reasonably incurred before it assumed the defense").

**ANSWER:** Denied.

42. Therefore, General is obligated to reimburse Counter-Plaintiffs for their costs and attorney's fees incurred in defending the Underlying Action to date.

**ANSWER:** Denied.

**GENERAL'S OBLIGATION FOR COSTS AND ATTORNEY'S FEES IN THIS ACTION**

43. Counter-Plaintiffs tendered their defense of the Underlying Action to General on February 1, 2008.

**ANSWER:** Admitted.

44. Counter-Plaintiffs tendered the Amended Complaint in the Underlying Action to General on May 1, 2008.

**ANSWER:** Admitted.

45.     Rather than accept the tender, General filed this Declaratory Judgment Action on May 14, 2008.

**ANSWER:**   Admitted.

46.     General's claims in this Declaratory Judgment Action are without basis in Illinois law, and are unreasonable and vexatious.

**ANSWER:**   Denied.

47.     Under Illinois law, an insured may recover fees and costs incurred in defending a Declaratory Judgment Action where the insurer's claims are unreasonable and vexatious. *Westchester Fire v. G. Heileman Brewing,* 321 Ill. App. 3d 622, 637 (1st Dist. 2001); 215 ILCS 5/155 (West 2008).

**ANSWER:**   Denied.

WHEREFORE, Plaintiff-Counter Defendant, GENERAL INSURANCE COMPANY OF AMERICA, prays that the Answer and Counterclaim of Defendants Discount Mega Mall Corp., Kyun Hee Park, and Jennifer Park, be dismissed with prejudice and with costs.

Respectfully submitted,

/s/Mary K. Cryar, ARDC #06279042
Attorney for Plaintiff-Counter Defendant
GENERAL INSURANCE COMPANY
OF AMERICA
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: cryarm@jbltd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/Mary K. Cryar, ARDC #06279042
Attorney for Plaintiff-Counter Defendant
GENERAL INSURANCE COMPANY
OF AMERICA
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: cryarm@jbltd.com