IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA,<br>       Plaintiff,<br><br>v.<br><br>CLARK MALL CORP. d/b/a DISCOUNT MEGA MALL CORP., MARCOS I. TAPIA, JUAN E. BELLO, JOSE L. GARCIA, LETICIA HURTADO, YOUNG S. KO, MARIANO KON, CHOONG I. KUAN, ROSA G. MADRIGAL, HILDA MENDOZA, MAN OK NO, HEE T. PARK, SUNG W. PARK, MARIA L. ROMAN, VICTOR H. VISOSO, KYUN HEE PARK, and JENNIFER PARK,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08 CV 2787<br><br>Judge Guzman<br><br>Magistrate Judge Ashman |

### COUNTER-PLAINTIFFS DISCOUNT MEGA MALL CORP., KYUN HEE PARK, AND JENNIFER PARK'S MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME Counter-Plaintiffs, DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK, by and through their attorneys, Ordower & Ordower, P.C. and for their Motion for Judgment on the Pleadings state as follows:

### NATURE OF THE ACTION

1.    In these actions for declaratory judgment, the parties seek a determination of GENERAL INSURANCE COMPANY OF AMERICA's ("General," "Plaintiff," "Counter-Defendant") obligation to defend and indemnify DISCOUNT MEGA MALL CORP. ("Discount"), KYUN HEE PARK, and JENNIFER PARK (collectively "Defendants," "Counter-Plaintiffs") in the action filed in the Circuit Court of Cook County, Illinois and styled *Marcos I. Tapia, Juan E. Bello, Jose L. Garcia, Leticia Hurtado, Young S. Ko, Mariano Kon, Choong I. Kwon, Rosa G. Madrigal,*

*Hilda Mendoza, Man Ok No, Hee T. Park, Sung W. Park, Maria L. Roman, and Victor H. Visoso v. Clark Mall Corp. d/b/a Discount Mega Mall Corp, Kyun Hee Park, Jennifer Park, and Unknown additional Defendants, as their interests, if any, may be determined,* docket No. 2007-L-12559 (the "Underlying Action," the "Underlying Complaint"). A copy of the Underlying Complaint is attached to Plaintiff's Complaint as Exhibit B.

2. This court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391(a), in that the events or omissions occurred, and the subject property is situated within this district.

4. General is organized under the laws of Delaware, with its principal place of business in Seattle, Washington, and is authorized to issue insurance in Illinois. General issued a Commercial General Liability policy to Discount for the policy period effective January 27, 2007 through January 27, 2008 and given policy No. 01CH399401-1 ("Policy"). A copy of the Policy is attached to Plaintiff's Complaint as Exhibit A.

5. Discount is the named insured on the policy.

6. The policy has commercial general liability limits of $1,000,000 per occurrence; $2,000,000 general aggregate (other than products-completed operations); and $2,000,000 products-completed operations.

7. Plaintiff's Complaint claims it is not obligated to defend and/or indemnify Discount, KYUN HEE PARK and JENNIFER PARK, for, among others, the following reasons:

    (A)    because Discount is not named as a defendant in the Underlying Action;

    (B)    because KYUN HEE PARK and JENNIFER PARK do not qualify as insureds under the Policy for the Underlying Action;

    (C)    because the merchandise and other tangible assets which are the subject of Count III of the Underlying Complaint were in the care, custody and control of Discount and its agents and employees; and

    (D)    because the allegations of Counts I and II of the Underlying Complaint concern intentional acts and damages which occurred prior to the Policy coverage period.

## GENERAL'S DUTY TO DEFEND

8.    In determining whether a duty to defend exists under Illinois law, courts must construe the allegations of the underlying complaint liberally and in favor of the insured. *Valley Forge Ins. v. Swiderski Elec.*, 223 Ill.2d 352, 363 (2006); *see Western Cas. & Sur. Co. v. Western World Ins. Co.*, 769 F.2d 381, 385 (7th Cir. 1985) ("An insurer is required to defend whenever the loss is even arguably within the policy.") "To determine whether an insurer has a duty to defend its insured from a lawsuit, a court must compare the facts alleged in the underlying complaint to the relevant provisions of the insurance policy." *Id.* An insurer must defend a lawsuit "unless it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.*; *see United States Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73-74, 78-80 (1991) (exclusionary provision will negate a duty to defend only if it is clear and free from doubt that the policy's exclusion prevents coverage). The insurer must defend its insured "even if the allegations are groundless, false, or fraudulent, and even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy." *Id*; *see Fidelity & Casualty v. Mobay Chemical Corp.*, 252 Ill.App.3d 992, 996 (1st Dist. 1992), *appeal denied*, 153 Ill.2d 559 ("[a]n insurer has a duty to defend a lawsuit which contains multiple claims so long as one of the claims alleges facts within the coverage of the policy."). "[I]f the words used in the policy are

3

ambiguous, they will be strictly construed against the drafter." *Id.*

### A. GENERAL is obligated to defend DISCOUNT

9. General is obligated to defend Discount, because the Underlying Complaint named "Clark Mall Corp. d/b/a Discount Mega Mall Corp.," Discount was served with process, and Discount is the real party in interest in the Underlying Action.

10. Under Illinois law, a misnomer occurs where "a plaintiff sues and serves the correct party but calls that party by the wrong name..." *Wheaton v. Steward*, 353 Ill.App.3d 67, 70 (1st Dist. 2004). Misnomer is not grounds for dismissal of the claim by the misnamed party. 735 ILCS 5/2-401 (West 2008). The rule prohibiting dismissal is applied where the "summons is served upon a party intended to be made a defendant, giving notice to a the real party in interest." *Retzler v. Pratt & Whitney Co.*, 309 Ill.App.3d 906, 920 (1st Dist. 1999). Although the plaintiff's subjective intent is of pivotal importance, it is the objective manifestation of plaintiff's intent in the record which controls. *Id.*

11. The Policy covers the property referred to in the Underlying Action as the Discount Mega Mall. Compare Plaintiff's Exhibit A, p. 12 (Commercial General Liability Coverage Part Declarations, defining premises as 2456-2530 N. Milwaukee Avenue, Chicago, IL 60647) with Plaintiff's Exhibit B, pp. 1-2 (describing the Discount Mega Mall as a parcel of real estate commonly known as 2500-14 N. Milwaukee Avenue/2464 N. Linden Pl, Chicago, Cook County, Illinois 60647).

12. The Underlying Complaint clearly shows that the Underlying Plaintiffs intended to name Discount by naming "Clark Mall Corp. d/b/a Discount Mega Mall Corp.," along with its officer and agents, and by serving the Underlying Complaint upon Discount's registered agent.

13. Therefore, Discount is prohibited, pursuant to 735 ILCS 5/2-401, from dismissing the

4

Underlying Action, and instead must move the Circuit Court of Cook County to correct its name on the pleadings.

14. Because Discount is the real party in interest, though misnamed in the Underlying Complaint as "Clark Mall Corp. d/b/a Discount Mega Mall Corp.," General is obligated to defend and indemnify it in the Underlying Action. *See Western Casualty & Surety Co. v. Adams County*, 179 Ill.App.3d 752, 754 (4th Dist. 1989) ("...the question of coverage should not hinge exclusively on the draftsmanship skills or whims of the plaintiff in the underlying action.")

**B.     *GENERAL is obligated to defend KYUN HEE PARK and JENNIFER PARK***

15. General is obligated to defend KYUN HEE PARK and JENNIFER PARK because they are named in the Underlying Complaint in their capacity as executive officers and owners of Discount.

16. Under the terms of the Policy, General is obligated to defend and indemnify Discount, Discount's executive officers with respect to their duties as officers, and Discount's stockholders, with respect to their liability as stockholders. See Plaintiff's Exhibit A, Commercial General Liability Coverage Form, Section II.1.d.; Plaintiff's Complaint at paragraph 27.

17. Under the Policy, an executive officer is "a person holding any of the officer positions created by [the insured's] charter, constitution, by-laws or any other similar governing document." Plaintiff's Exhibit A, Commercial General Liability Coverage Part, Section V.6.

18. The Underlying Complaint alleges that "Mr. Park is President of the Discount Mega Mall..." See Plaintiff's Exhibit B, p. 5.

19. The Underlying Complaint alleges that "Mrs. Park is Secretary of the Discount Mega Mall." See Plaintiff's Exhibit B, p. 5.

20. The Underlying Complaint alleges that "At all times relevant to this lawsuit, Defendant, Kyun Hee Park ("Mr. Park"), owned...or had an interest in the Mega Mall." See

5

Plaintiff's Exhibit B, pp. 4-5.

21. The Underlying Complaint alleges that "At all times relevant to this lawsuit, Defendant, Jennifer Park ("Mrs. Park") owned…or had an interest in the Mega Mall. See Plaintiff's Exhibit B, p. 5.

22. The Underlying Complaint alleges that "[d]efendants failed to exercise reasonable skill and care in performance of their duties, which resulted in the 2007 Fire." See Plaintiff's Exhibit B, p. 19.

23. The Underlying Complaint further asserts that because KYUN HEE PARK and JENNIFER PARK "owned…or had an interest in the Mega Mall…they owed a duty of care to Plaintiffs to maintain and operate the Mega Mall with reasonable skill and care in compliance with the City's building and safety and health requirements." See Plaintiff's Exhibit B, pp. 19.

24. The Underlying Complaint claims damages as a result of KYUN HEE PARK's and JENNIFER PARK's alleged negligence with respect to their duty of care as officers and owners of the Discount Mega Mall. See Plaintiff's Exhibit B, p. 20.

25. Therefore, KYUN HEE PARK and JENNIFER PARK qualify as insureds under the Policy for purposes of the Underlying Action.

### C. *GENERAL is obligated to defend Count III of the Underlying Complaint*

26. General is obligated to defend Count III of the Underlying Complaint because the loss is not excluded by the terms of the Policy.

27. Count III of the Underlying Complaint seeks damages for "the destruction of [Underlying Plaintiffs'] merchandise and other tangible assets stored or placed in their retail spaces" as a result of Defendants' alleged negligence with respect to building maintenance. See Plaintiff's Exhibit B, pp. 19-20.

28. General claims that at the time of the fire alleged in Count III of the Underlying

Complaint, the merchandise and other tangible assets of the Underlying Plaintiffs were within the care, custody, and control of Discount and its agents and employees, and that the claim is therefore subject to an exclusionary provision under the Policy. See Plaintiff's Complaint at paragraphs 27, 54-55.

29.     As noted above, in determining whether a duty to defend exists, courts must "read the underlying complaint liberally and in favor of the insured." *Travelers Ins. Companies v. Penda Corp.*, 974 F.2d 823, 829 (7th Cir. 1992) (citing *Wilkin*, 144 Ill.2d. 64, 78-80 (1991)). "An exclusionary provision will negate a duty to defend only if it is clear and free from doubt that the policy's exclusion prevents coverage." *Id.* at 833 (citing *Wilkin*, 144 Ill.2d at 78-80, 73-74). Under Illinois law, "the exception clause relating to property in the care, custody or control of the insured refers to possessory handling of the property…" *Leiter Elec. Co. v. Bituminous Cas. Corp.*, 99 Ill.App.2d 386, 388 (3rd Dist. 1968). The insured does not have care, custody, and control of property where it has only "temporary or incidental access to the property or limited possession of an area of the property…" *Bituminous Cas. Corp. v. Chicago, R.I. & P.R.R.Co.*, 8 Ill.App.3d 172, 174 (3rd Dist. 1972) (quoting *Leiter*, 99 Ill.App.2d at 389).

30.     Here, the Underlying Complaint alleges that the Underlying Plaintiffs leased retail space at the Discount Mega Mall. See Plaintiff's Exhibit B, pp. 2-3

31.     The Underlying Complaint alleges that "[a]t all times relevant to this lawsuit, Defendants engaged in the business of leasing commercial retail spaces at the Mega Mall to vendors, including Plaintiffs, and collected rents from Plaintiffs." See Plaintiff's Exhibit B, p. 17.

32.     The Underlying Complaint alleges that "[a]t all times relevant to this lawsuit, Plaintiffs rented commercial retail spaces from Defendants and paid rents for such lease." See Plaintiff's Exhibit B, p. 17.

33.     The Underlying Complaint alleges that "[o]n or about September 7, 2007, a fire

broke out at the Mega Mall and ripped through a portion of it…" See Plaintiff's Exhibit B, p. 13. The Underlying Complaint further alleges that "[a]s a result of the 2007 Fire, a portion of the Mega Mall, including Building 4, was completely destructed." See Plaintiff's Exhibit B, p. 13.

34. No allegations are made with respect to the time of the fire; no allegations are made with respect to whether the merchandise and other tangible assets of the Underlying Plaintiffs were in the care, custody, and control of the Counter-Plaintiffs.

35. Therefore, because the exclusionary provision does not clearly and without doubt prevent coverage for the allegations of Court III of the Underlying Complaint, General is obligated to defend Discount, KYUN HEE PARK, and JENNIFER PARK with respect to Count III.

**D.    GENERAL is obligated to defend the Underlying Action**

36. General is obligated to defend the Underlying Action, because at least one of the stated counts falls within the Policy's coverage.

37. As noted above, an insurer must defend its insureds "even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy." *Valley Forge Ins.*, 223 Ill.2d at 363; *see Fidelity & Casualty v. Mobay Chemical Corp.*, 252 Ill.App.3d 992, 996 (1st Dist. 1992), *appeal denied*, 153 Ill.2d 559 ("[a]n insurer has a duty to defend a lawsuit which contains multiple claims so long as one of the claims alleges facts within the coverage of the policy.").

38. Here, Count III of the Underlying Complaint alleges, among other things, "the destruction of …merchandise and other tangible assets stored or placed in [Underlying Plaintiffs'] retail spaces…" from a fire which occurred on the covered property on September 7, 2007. See Plaintiff's Exhibit B, pp. 13, 20.

39. The alleged damage was the result of an occurrence, defined under the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," during the Policy period of January 27, 2007-January 27, 2008. See Plaintiff's Exhibit

8

A, Commercial General Liability Coverage Part, Sections I.1.a-b, V.13, 17.

40. Because Count III alleges facts within the coverage of the Policy, General is obligated under Illinois law to defend Counter-Plaintiffs in the Underlying Action.

### E.   General is obligated to pay Counter-Plaintiffs' costs and attorney's fees in the Underlying Action

41. General is obligated to pay Counter-Plaintiffs' costs and attorney's fees in the Underlying Action, including costs and fees incurred before General's assumption of the defense.

42. Under Illinois law, "an insurer that is obligated to defend its insured is responsible for the total indemnity and defense costs of a claim." *Richard Marker Assoc. v. Pekin Ins. Co.*, 318 Ill. App. 3d 1137, 1144 (2nd Dist. 2001) (citing *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill. 2d 23, 56 (1987); *see West Lafayette Corp. v. Taft Contracting Co., Inc.*, 178 F.3d 840, 842 (7th Cir. 1999) (citing *Cincinnati Companies v. West American Insurance Co.*, 183 Ill.2d 317, 327 (1998) (an insurer "is responsible for all legal fees reasonably incurred before it assumed the defense")).

43. Therefore, General must pay all of Counter-Plaintiffs' costs and reasonably incurred attorney's fees with respect to the Underlying Action.

### F.   General is obligated to pay Counter-Plaintiffs' costs and attorney's fees incurred in defending this action

44. General is obligated to pay Counter-Plaintiffs' costs and attorney's fees incurred in defending this Declaratory Judgment action, because General's claims are unreasonable and vexatious.

45. Under Illinois law, an insured may recover fees and costs incurred in defending a Declaratory Judgment action where the insurer's claims are unreasonable and vexatious. *Westchester Fire v. G. Heileman Brewing*, 321 Ill. App. 3d 622, 637 (1st Dist. 2001); 215 ILCS 5/155 (West 2008). The insurer's conduct in filing a Declaratory Judgment action is unreasonable

9

and vexatious if: (1) there is no bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer fails to assert a legitimate policy defense; (3) the claim presents no genuine legal or factual issue regarding coverage; and (4) the insurer fails to take a reasonable legal position on an unsettled issue of law. *Citizens First National Bank of Princeton v. Cincinnati Insurance Company*, 200 F.3d 1102 (7th Cir. 2000) (citing Illinois cases). Attorney's fees and costs may be awarded "where the evidence shows that the insurer's behavior was willful and without reasonable cause." *Id.* (citing *Morris v. Auto-Owners Ins. Co.*, 239 Ill.App.3d 500, 509 (1993)).

46. Here, as discussed above, Discount, KYUN HEE PARK, and JENNIFER PARK are clearly insureds under the terms of the Policy for purposes of the Underlying Action, in that the Underlying Complaint alleges negligence in the performance of their duties as owners and officers of the Discount Mega Mall.

47. Moreover, Count III of the Underlying Complaint alleges damages resulting from an occurrence as defined in the Policy (the September 7, 2007 fire), during the coverage period.

48. Nowhere does the Underlying Complaint allege that the Underlying Plaintiffs' property was in the care, custody, and control of the Counter-Plaintiffs.

49. Under Illinois law, as discussed above, any ambiguity in the Policy is strictly construed against the insurer.

50. Therefore, no bona fide dispute, legitimate policy defense, or genuine legal or factual issue exits with respect to General's obligation to defend Count III of the Underlying Complaint.

51. Further, under well-settled Illinois law, as discussed above, an insurer must defend its insured even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy.

52. Therefore, General has no reasonable basis for claiming that it may refuse to defend Discount, KYUN HEE PARK, and JENNIFER PARK with respect to the entire Underlying Action,

10

and its filing of the Declaratory Judgment action was unreasonable and vexatious.

WHEREFORE, Counter-Plaintiffs DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK pray that this Court enter judgment in their favor and against Counter-Defendant GENERAL INSURANCE COMPANY OF AMERICA, and enter an order

(1) determining that Counter-Defendant GENERAL INSURANCE COMPANY OF AMERICA is obligated under the Policy to defend and indemnify Counter-Plaintiffs DISCOUNT MEGA MALL CORP, KYUN HEE PARK, and JENNIFER PARK in the Underlying Action, including payment of costs and reasonable attorney's fees incurred prior to its assumption of the defense;

(2) awarding Counter-Plaintiffs DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK reasonable attorney's fees and costs of this action; and

(3) granting any further relief the Court deems just.

Respectfully submitted,

_____
Attorney for Defendants/Counter-Plaintiffs
Discount Mega Mall Corp.,
Kyun Hee Park, and
Jennifer Park

Lawrence B. Ordower
Illinois ARDC No. 2115328
Michael T. Stanley
Ordower & Ordower, P.C.
One North LaSalle Street #1300
Chicago, IL  60602
312-263-5122

C:\Documents and Settings\Larry Ordower\Desktop\Jacob Ramer\GICA v. Clark Mall, et al - Motion for Judgment on the Pleadings.rtf