IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA, <br>     Plaintiff, <br> <br> v. <br> <br> CLARK MALL CORP. d/b/a DISCOUNT MEGA MALL CORP., MARCOS I. TAPIA, JUAN E. BELLO, JOSE L. GARCIA, LETICIA HURTADO, YOUNG S. KO, MARIANO KON, CHOONG I. KUAN, ROSA G. MADRIGAL, HILDA MENDOZA, MAN OK NO, HEE T. PARK, SUNG W. PARK, MARIA L. ROMAN, VICTOR H. VISOSO, KYUN HEE PARK and JENNIFER PARK <br>     Defendants. | No. 08 CV 2787 <br><br> Judge Guzman <br><br> Magistrate Jude Ashman |

## PLAINTIFF GENERAL INSURANCE COMPANY OF AMERICA'S RESPONSE TO MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COMES plaintiff-counter defendant, General Insurance Company Of America (hereinafter "General"), and, for the following reasons, hereby requests that the court deny the motion of defendants-counter plaintiffs, Discount Mega Mall Corp., Kyun Hee Park And Jennifer Park, (hereinafter "Defendants") for judgment on the pleadings.

**A.      Standard for Judgment on Pleadings**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is only appropriate where "it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Abbott Labs. v. Sandoz, Inc.*, 532 F. Supp. 2d 996, 998 (N.D. Ill. 2007), citing *Brunt v. Service Employees Intern. Union,* 284 F.3d 715, 718-19 (7th Cir.2002). If the pleadings do not resolve all of the factual disputes, a trial is more appropriate than a

1

judgment on the pleadings. *Id.*, citing Wright & Miller, 5A *Federal Practice and Procedure: Civil* 2d § 1367 pp. 514-519 (1990). In deciding a motion for judgment on the pleadings, the court views the facts in the light most favorable to the non-moving party. *Id.* All of the well-pleaded allegations in the non-moving party's pleadings are taken as true. *Id.*, citing *Gillman v. Burlington Northern R.R. Co.,* 878 F.2d 1020 (7th Cir. 1989). All reasonable inferences from these facts are also given to the non-movant. *Id.*, citing *National Fidelity Life Ins. Co. v. Karaganis,* 811 F.2d 357 (7th Cir. 1987).

**B.    General has no obligation to defend Discount Mega Mall, Corp. because Discount is not a defendant in the underlying lawsuit**.

The named insured under General's policy is Discount Megamall Corporation. Complaint, ¶23.  Clark Mall Corp. is a separate legal entity, but is not an insured under the General Policy.  Complaint, ¶23. See Ex. A, attached, Illinois Secretary of State listings for Clark Mall Corporation and Discount Megamall Corporation.

Count IV of General's Complaint alleges General does not have a duty to defend Discount Mega Mall Corp. ("Discount"), its insured, because Discount is not a defendant in the underlying case. The Complaint alleges that the underlying plaintiffs filed their Complaint and Amended Complaint against Clark Mall Corp. d/b/a Discount Mega Mall Corp. Complaint, ¶¶ 28, 29. The underlying Amended Complaint also alleges that Clark Mall, not Discount, owned and operated the Mega Mall. Complaint, ¶30.

All of the counts in the Underlying Complaint assert claims based upon actions of "Defendants." Discount is not named in any paragraph of the Underlying Complaint as a "Defendant."  The defendant named in the Underlying Complaint is "CLARK MALL CORP., d/b/a DISCOUNT MEGA MALL CORP." Paragraph 2 of the Underlying Complaint defines the term "Mega Mall" as the property located at 2500-14 N. Milwaukee Avenue, 2464 N. Linden

Place, Chicago, Cook County, IL 606047. Paragraph 16 of the Underlying Complaint defines the term "Discount Mega Mall" as "Defendant, Clark Mall Corp., d/b/a Discount Mega Mall Corp". Paragraph 16 further alleges that "Discount Mega Mall" (which was defined as Clark) engaged in the business of leasing commercial retail spaces at the "Mega Mall," maintained, operated, collected rents for or had an interest in the "Mega Mall."

The above-cited allegations of the Complaint and the Underlying Complaint, taken as true for the purposes of Defendant's Motion to Dismiss, establish that Clark Mall Corp. is a defendant in the underlying suit and that Discount is not a defendant. Accordingly, the Motion for Judgment on the Pleadings must be denied. If, at some point in the future, the underlying plaintiffs further amend their complaint to seek relief from Discount, General's insured, General would have to determine at that time, based on the allegations in that complaint, whether the allegations created a duty to defend it. However, as Discount has not been sued, and as Clark is not General's insured, General has no duty to defend.

    **B.**    **General has no obligation to defend either Kyun Hee Park or Jennifer Park because the Underlying Complaint alleges they were executive officers of Clark Mall Corp., not Discount Mega Mall Corp.**

The General policy provides that in addition to Discount, the policy also covers the officers of Discount with respect to their duties as officers or directors of Discount. Complaint, ¶27, Section II: Who Is An Insured. The Complaint herein alleges that General has no obligation to defend either Kyun Hee Park or Jennifer Park because they do not qualify as insureds, because they were sued for their actions as officers of Clark Mall Corporation, which is not an insured under the policy. The underlying Complaint alleges Kyun Hee Park is President of Clark Mall. Complaint, ¶31; Underlying Complaint, ¶17. The underlying Complaint likewise alleges that Jennifer Park is Secretary of Clark Mall. Complaint, ¶32, Underlying Complaint, ¶18.

3

The above-cited allegations of the Complaint, taken as true, establish that the Parks have been named as Defendants in the Underlying Complaint as executives of Clark Mall Corp., not Discount Mega Mall. Corp. Accordingly, General has no duty to defend them against the allegations of the Underlying Complaint.

General's Policy also names as insureds the stockholders of the Named Insured, Discount Mega Mall, but only for their liability as stockholders. The Underlying Complaint does not seek to hold either Kyun Hee Park or Jennifer Park liable as stockholders of Discount Mega Mall Corp. Accordingly, General has no duty to defend them against the allegations of the Underlying Complaint.

 C. **General is not obligated to defend any defendant against Count III of the Underlying Complaint**.

Regardless of the formalities of which entity was named in the underlying Complaint, a more fundamental reason exists for General's denial of coverage, namely that the damages alleged in the Underlying Complaint seek damages to personal property that was in the care custody or control of the insured. General Policy, Exclusion 2(j). At the time of the fire which caused the damages to the underlying plaintiffs' property, "all of the merchandise and other tangible assets of the Underlying Plaintiffs were inside the Discount Mega Mall building." Complaint, Count IX, ¶53. Further, at the time of the fire, "the Discount Mega Mall building was closed for the day, and the only persons with access to the building or the merchandise and other tangible assets of the Underlying Plaintiffs were Discount and its employees or agents." *Id.*, ¶54. Finally, at the time of the fire, the underlying plaintiffs' property was "within the care, custody and control of Discount and its agents and employees." *Id.*, ¶55. There is no coverage under the policy for "property damage" to "Property in the care, custody or control of the insured." *Id.*, ¶27, Exclusion 2(j). *See*, *Essex Ins. Co. v. Soy City Sock Co.*, 503 F. Supp. 2d

4

1068, 1074 (C.D.Ill. 2007).

Defendants maintain that General owes Discount a duty to defend because the allegations of the underlying complaint do not establish that the underlying plaintiffs' property losses occurred while the property was in the defendants' care custody or control.  This argument is misplaced, however, because General brought this declaratory action in a timely manner, and may therefore disclaim coverage on the basis of facts outside the underlying complaint. Under Illinois law, an insurer may not deny its duty to defend on the basis of facts outside the complaint if it does not file a declaratory judgment action seeking a determination of coverage.  *E.g.*, *Chandler v. Doherty*, 299 Ill. App. 3d 797, 802, 702 N.E.2d 634, 638 (4th Dist. 1998). However, where, as here, the insurer files a declaratory judgment action seeking to determine its duty to defend, it may rely on facts extrinsic to the underlying complaint as the basis for denying coverage.  *Fidelity & Casualty Company of New York v. Envirodyne*, 122 Ill.App.3d 301, 304 461 N.E.2d 471, 473 (1st Dist. 1983).   As the court explained in *Envirodyne*:

> [T]he duty to defend flows in the first instance from the allegations in the underlying complaint; …. *However, if an insurer opts to file a declaratory proceeding, we believe that it may properly challenge the existence of such a duty by offering evidence to prove that the insured's actions fell within the limitations of one of the policy's exclusions.*

*Id. Accord*, *American Economy Ins. Co. v. Holabird & Root*, 886 N.E.2d 1166, 1178-79 (1st Dist. 2008)(court should be able to consider all relevant facts to determine whether there is a duty to defend.); *Fremont Compensation Ins. Co. v. Ace-Chicago Great Dane Co.*, 304 Ill. App. 3d 734, 743, 710 N.E.2d 132, 139 (1st Dist. 1999) ("the court may consider extrinsic evidence bearing on the question of coverage and is not restricted only to a consideration of the allegations of the complaint in the underlying litigation and the terms of the insured's policy.")  As General brought a timely declaratory action, it may offer extrinsic facts to prove that the underlying

plaintiffs' damages fall within the care custody or control exclusion. Moreover, at this stage in the case, when the plaintiff has moved for judgment on the pleadings, this court must take as true General's allegations establishing that the underlying plaintiffs' damages were property damage to property within the insured's care custody or control. *Dausch v. Rykse*, 52 F.3d 1425, 1431 (7th Cir. 1994); *American Hardware Mfrs. Ass'n v. Reed Elsevier Inc.*, No. 03 C 9421, 2008 U.S. Dist. LEXIS 27836, *7 (N.D.Ill. April 3, 2008).

Here, the Complaint alleges that the underlying plaintiffs' property was destroyed in a fire in a mall, after business hours, at a time when only the insured's employees had access to the mall. Thus, the extrinsic facts alleged in the Complaint establish that the insured had care, custody and control of the property sufficient to trigger the "care, custody and control" exclusion. See *Country Mutual Ins. Co. v. Waldman Mercantile Co., Inc.*, 103 Ill.App.3d 39, 430 N.E.2d 606 (5th Dist. 1981) Accordingly, Defendant's Motion to Dismiss should be denied.

D. **Defendant's Motion for Judgment on the Pleadings on their claim for bad faith damages must be denied.**

Under Illinois law, an insurer may be liable for attorneys' fees and other sanctions when its denial of a claim is vexatious and unreasonable. 215 ILCS 5/155. An insurer's conduct is vexatious and unreasonable when "the evidence shows that the insurer's behavior was willful and without reasonable cause." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000). An insurer does not act vexatiously and unreasonably when (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law. *Id.* Where there is a "*bona fide* dispute concerning coverage," costs and sanctions under

§155 are inappropriate. *State Farm Mut. Auto. Ins. Co. v. Smith,* 197 Ill.2d 369, 380, 259 Ill. Dec. 18, 24, 757 N.E.2d 881, 887 (2001).

General has alleged facts showing that no defendant in the Underlying Complaint is an insured under the Policy; that the claims made in Counts I and II of the Underlying Complaint are not covered because they are based upon events occurring prior to the inception date of the policy and because they are based upon intentional acts; and that the claims made in Count III are excluded. These facts, taken as true, show that there is a *bona fide* dispute over coverage. Accordingly, Defendant's Motion for Judgment on the Pleadings on its claim for bad faith damages should be denied.

WHEREFORE, Plaintiff-Counter Defendant, General Insurance Company Of America, prays that the Motion for Judgment on the Pleadings of Defendants Discount Mega Mall Corp., Kyun Hee Park, and Jennifer Park, be denied.

>Respectfully submitted,
>
>GENERAL INSURANCE COMPANY OF AMERICA
>
>/s/William K. McVisk

William K. McVisk, ARDC #1871307
Mary K. Cryar, ARDC #06279042
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: mcviskw@jbltd.com
cryarm@jbltd.com
#1921849

7