IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>CLARK MALL CORP. d/b/a DISCOUNT MEGA MALL CORP., MARCOS I. TAPIA, JUAN E. BELLO, JOSE L. GARCIA, LETICIA HURTADO, YOUNG S. KO, MARIANO KON, CHOONG I. KUAN, ROSA G. MADRIGAL, HILDA MENDOZA, MAN OK NO, HEE T. PARK, SUNG W. PARK, MARIA L. ROMAN, VICTOR H. VISOSO, KYUN HEE PARK, and JENNIFER PARK,<br>      Defendants. | Case No. 08 CV 2787<br><br>Judge Guzman<br><br>Magistrate Judge Ashman |

## COUNTER-PLAINTIFFS DISCOUNT MEGA MALL CORP., KYUN HEE PARK, AND JENNIFER PARK'S REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME Counter-Plaintiffs, DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK, by and through their attorneys, ORDOWER & ORDOWER, P.C. and for their Reply in Support of their Motion for Judgment on the Pleadings state as follows:

**A.    General Insurance Company of America ("General") must defend Discount Mega Mall Corp. ("Discount") because Discount is the real party in interest in the Underlying Case**

General's claim that it need not defend Discount because the Underlying Complaint (Circuit Court of Cook County, Illinois, Case No. 2007 L 12559, attached to Plaintiff's Complaint as Exhibit B) names "Clark Mall Corp. d/b/a Discount Mega Mall Corp." is incorrect. As the Illinois Appellate Court held in *Western Casualty & Surety Co. v. Adams*

*County*, "...the question of coverage should not hinge exclusively on the draftsmanship skills or whims of the plaintiff in the underlying action." 179 Ill.App.3d 752, 754 (4th Dist. 1989). General cannot rely on the Underlying Plaintiffs' failure to properly research ownership of the Mega Mall in refusing to defend the action. The simple fact is that the Underlying Complaint intends to name the owner of the Mega Mall and its agents as defendants. It names "Clark Mall Corp. d/b/a Discount Mega Mall Corp." as the owner of the Mega Mall, and consistently refers to "Discount Mega Mall" or "Mega Mall." It identifies the common address of the "Discount Mega Mall" as 2500-14 N. Milwaukee Avenue/2464 N. Linden Pl., Chicago, Cook County, Illinois 60647, which is the same address as the property insured by General under its Policy No. 01-CH-399401-1 ("Policy"): 2456-2530 N. Milwaukee Avenue, Chicago, IL 60647. See Exhibit A to Plaintiff's Complaint, Commercial General Liability Coverage Part Declarations, p. 1. All of the events described in the Underlying Complaint occurred at the insured property; all of the persons described in the Underlying Complaint are owners and/or agents of Discount.

The Underlying Complaint attaches and refers to two City of Chicago complaints against "Discount Mega Mall Corp.", neither of which ever describe the owner of the Discount Mega Mall as "Clark Mall Corp. d/b/a Discount Mega Mall Corp." See Exhibits 1 and 2 of Exhibit B to Plaintiff's Complaint. And the Underlying Complaint clearly considers the defendant in the City of Chicago cases, and its defendant, one and the same. Beginning at paragraph 21, the Underlying Complaint states that: "On or about August 14, 2002, the City of Chicago filed a two-count complaint against Defendants (Discount Mega mall and Mr. Park)..."; "According to the 2002 complaint, Defendants Discount Mega Mall and Mr. Park failed to comply with one hundred (100) building safety and health codes..."; "On or about May 26, 2005, the City of Chicago filed a two-count complaint against Defendants (Discount

2

Mega Mall and Mr. Park)…"; "The 2005 complaint sets forth that Defendants (Discount Mega Mall and Mr. Park) failed to comply with one hundred thirteen (113) building safety and health codes…" See Exhibit B to Plaintiff's Complaint, at ¶¶ 21, 22, 24, and 27. This repeated identification of the Underlying Defendant as the defendant in the City of Chicago cases demonstrates that Discount, as the owner of the Discount Mega Mall, is the intended defendant.

Indeed, Discount is named in the Underlying Complaint, which clearly states that it is against Discount Mega Mall Corp. That Discount Mega Mall Corp. is named as a d/b/a does not lessen the fact that it is named defendant. And General, too, despite arguing that Discount is not a defendant, acknowledges in Count IX of its Complaint that the events described in the Underlying Complaint involved Discount, its employees, and the insured property. See Plaintiff's Complaint, ¶¶ 53-55.

The Illinois statute on misnomer prohibits Discount's dismissal of the Underlying Action. 735 ILCS 5/2-401 (West 2008). Therefore, General cannot refuse to defend Discount on that basis. The Underlying litigation does not suspend while the parties herein wait for the Underlying Plaintiffs to correct their error, and neither should General's duty to defend Discount pursuant to Policy.

**B.      General must defend Kyun Hee Park and Jennifer Park in the Underlying Action, because they were executive officers of Discount**

General similarly claims that it may refuse to defend Kyun Hee Park and Jennifer Park because they are named as executive officers of "Clark Mall Corp. d/b/a Discount Mega Mall Corp." rather than of "Discount Mega Mall Corp." Again, as a matter of Illinois law, Discount is the real party in interest in the Underlying Complaint. Kyun Hee Park and Jennifer Park are therefore named in the Underlying Complaint as executive officers of Discount, and are thus entitled to a defense by General under the Policy. Moreover, contrary

3

to General's assertion in its Response brief, the Underlying Complaint seeks to hold Kyun Hee Park and Jennifer Park liable as owners, as well as officers of Discount. See Exhibit B to Plaintiff's Complaint at p. 4 ("Kyun Hee Park owned, maintained, operated, collected rents for, or had an interest in the Mega Mall."), p. 5 (Jennifer Park owned, maintained, operated, collected rents for, or had an interest in the Mega Mall), p. 19 ("While Defendants *owned*, maintained, operated, collected rents for, or had an interest in the Mega Mall, Defendants owed a duty of care to Plaintiff to maintain and operate the Mega Mall with reasonable skill and care...") (emphasis added). General is therefore liable to defend Kyun Hee Park and Jennifer Park on the basis of their potential liability as stockholders of Discount. See Exhibit A to Plaintiff's Complaint, Commercial General Liability Coverage Form, II.1.d.

C. **General is obligated to defend Counter-Plaintiffs against Count III of the Underlying Complaint, because the damaged property was not in their care, custody, or control as a matter of law**

General asserts as though it was a fact, that the Underlying Plaintiffs' property was "within the care, custody and control of Discount and its agents and employees." See Plaintiff's Response at p. 4. But this is not a fact—it is a legal conclusion. This Court "is not bound by the non-moving party's legal characterizations of the facts." *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Of course, as General points out in its Response brief, the insurer may, in a Declaratory Judgment proceeding, offer "evidence to prove that the insured's actions fell within the limitations of one of the policy's exclusions." *Fidelity & Casualty Compnay of New York v. Envirodyne Engineering, Inc.* 122 Ill.App.3d 301, 304 (1st Dist. 1983). But the only facts General pleads with respect to "care, custody, and control" are in paragraphs 53-54 of the Complaint, and do not in any sense show that the damaged property was in the "care, custody, and control" of Discount, even under the cases General cites. *See e.g. Essex Ins. Co. v. Soy City Sock Co.*, 503 F.Supp.2d 1068, 1075

4

(C.D.Ill. 2007) (insured had "care, custody, or control" of the damaged property where it stored, packed, and shipped Underlying Plaintiff's product, supervised the operation, and had access to maintain, move, and protect the property). The facts pleaded by General are: (1) that all of the merchandise and other tangible assets of the Underlying Plaintiffs were inside the Discount Mega Mall building at the time of the fire which destroyed them; (2) that at the time of the fire "the Discount Mega Mall building was closed for the day"; and (3) that "the only persons with access to the building or the merchandise and other tangible assets of the Underlying Plaintiffs were Discount and its employees or agents." See Plaintiff's Complaint at ¶¶ 53-54. These facts, even if true, are not enough to establish that the exclusionary provision applies.

Under Illinois law "the exception clause relating to property in the care, custody or control of the insured refers to possessory handling of the property…" *Leiter Elec. Co. v. Bituminous Cas. Corp.*, 99 Ill.App.2d 386, 388 (3rd Dist. 1968). The property damaged must be a necessary element of the work performed. *Bolanowski v. McKinney* 220 Ill.App.3d 910, 914 (1st Dist. 1991). The insured does not have care custody or control of property where it has only "temporary or incidental access to the property or limited possession of an area of the property…" *Bituminous Cas. Corp. v. Chicago, R.I. & P.R.R.Co.*, 8 Ill.App.3d 172, 174 (3rd Dist. 1972) (quoting *Leiter*, 99 Ill.App.2d at 389). The facts alleged here are that the property was destroyed in a fire when the Mega Mall was closed for the night. General's Complaint alleges nothing about *possessory* handling of the property by Discount or its employees; no allegation is made that any officer or employee of Discount was at or near the building at the time of the fire. According to the Underlying Complaint, the Underlying Plaintiffs "rented commercial retail spaces from Defendants and paid rents for such lease." See Exhibit B to Plaintiff's Complaint at ¶ 67. This is entirely inconsistent with an allegation

5

that offices or employees of Discount were at any time in possessory control of the damaged property. Moreover, nothing is said about how the property might be necessary to the "work" of Discount and its employees.

Yet, even if the Complaint created some doubt as to the applicability of the exclusion, the Court must resolve those doubts in favor of Counter-Plaintiffs. "It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. *Chicago, R.I. & P.R.R.Co.*, 8 Ill.App.3d at 175. "An exclusionary provision will negate a duty to defend only if it is clear and free from doubt that the policy's exclusion prevents coverage." *Travelers Ins. Companies v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992). Neither the allegations of General's Complaint, nor those of the Underlying Complaint, clearly and without doubt demonstrate that the destroyed property was in the "care, custody, or control" of Discount or its officers and employees at the time of the fire. Because doubt or ambiguity is construed against the insurer, General is obligated to defend Discount, Kyun Hee Park, and Jennifer Park in the Underlying Action, as a matter of law.

D.  **This Court cannot, in a Declaratory Judgment action, determine facts that are crucial to the Underlying Case, and General must therefore defend Counter-Plaintiffs**

A finding on this issue in favor of General may be inappropriate not only because its pleadings have not met the required standard for "care, custody, or control", but also because "the court must not determine disputed factual issues that are crucial to the insured's liability in the underlying lawsuit." *Bituminous Cas. Co. v. Fulkerson*, 212 Ill.App.3d 556, 562 (5th Dist. 1991). "A court may look beyond the allegations in the complaint only if the coverage issue involves such ancillary matters as whether the insured paid the premiums or whether he is the proper insured under the policy." *Id.* "A declaratory judgment action should not…be

6

used to force the parties…to have a 'dress rehearsal' of an important issue expected to be tried in the [underlying] action." *Id.* Here, the question of Discount's custody or control of the damaged property is directly implicated by, and crucial to, the Underlying Action, such that this Court's determination of that issue in favor of the insured would compromise Discount's defense.

A determination that the Underlying Plaintiffs' property was in the "care, custody, or control" of Discount would require inquiry into facts which would establish its status as bailee. Under Illinois law, "[w]here…one person has lawfully acquired the possession of personal property of another and holds it under circumstances hereby he ought, upon principles of justice, to keep it safely and restore it or deliver it to the owner, such person, and the owner of the property are, by operation of law, generally treated as bailee and bailor under a contract of bailment, irrespective of whether or not there has been any mutual assent, expressed or implied, to such relationship." *Essex Ins. Co. v. Wright*, 371 Ill.App.3d 437, 441-442 (1st Dist. 2007). Where the bailor establishes that the bailee failed to return the bailor's property in good condition, a presumption of negligence arises. *American Ambassador Casualty Co. v. Jackson*, 295 Ill.App.3d 485, 490 (1st Dist. 1998). The defendant "must then present sufficient evidence to support a finding that the presumed fact did not exist and, that the defendant was free from fault." *Id.* Thus, an inquiry and conclusion by this Court with respect to Discount's "care, custody, or control" of the Underlying Plaintiffs' property would involve facts not ancillary to, but rather, crucial to the proofs and findings which will be made in the Underlying Action. Because this Court may not conduct a "dress rehearsal" of that issue in this action, it must confine its inquiry to the contents of the Underlying Complaint, which do not allege that the damaged property was in the "care, custody, or control" of Counter-Plaintiffs. The exclusionary provision, therefore,

cannot apply, and General must defend Counter-Plaintiffs in the Underlying Action.

**E.     This Court should award Counter-Plaintiffs costs and attorney's fees in this action, because General's Complaint was filed in bad faith**

General's Declaratory Judgment action was filed in bad faith. None of its allegations with respect to the improperly named "Clark Mall Corp. d/b/a Discount Mega Mall Corp." are reasonable, or involve a bona fide dispute over the scope and application of coverage. General admits as much in its Response brief, stating that these claims involve "the formalities of which entity was named in the underlying complaint" and that "if, at some point in the future, the underlying plaintiffs further amend their complaint to seek relief from Discount…General would have to determine at that time…whether the allegation created a duty to defend it." See Plaintiff's Response at p. 3. In effect, General argues that, though they know, and Discount knows, that Discount is the real defendant in the Underlying Case, General is going to pursue this spurious "defense" until the Underlying Plaintiffs decide to fix their mistake. This is precisely the sort of conduct that 215 ILCS 5/155 was designed to prevent. General's allegations with respect to how its insured is named in the Underlying Complaint are obviously frivolous and unreasonable; they are obviously intended to vex the insured, and their defense in the action warrants compensation.

Similarly, General should know that under Illinois law, an insurer must defend its insured "even if only one of several theories of recovery alleged in the complaint falls within the potential coverage of the policy." *Valley Forge Ins. v. Swiderski Elec.*, 223 Ill.2d 352, 363 (2006). It should know that it may rely on an exclusionary provision to deny coverage—as it has for Count III of the Underlying Complaint—only if it is clear and free from doubt that the Policy's exclusion prevents coverage. It should know that under Illinois law, the "care, custody, or control" exclusion is construed to mean possessory handling of property that is a necessary element of the work performed by the insured, and has even cited cases to

that effect. And it should know that any doubt about the applicability of the exclusion, or any ambiguity or uncertainty concerning the insurance policy, is resolved *against the insurer*.

No allegation of fact in either the Complaint or the Underlying Complaint could be reasonably construed to suggest that Discount, or its employees, was handling or otherwise in possession of the property at the time of the fire. At most, what is alleged by General is that Discount and its employees had keys to the building when it was closed. Nor is any mention made of the "necessity" of the damaged property to the "work" performed by Discount and its employees. General's Complaint does not come close, under Illinois law, to alleging the requirement necessary to showing that the exclusionary provision clearly and without doubt applies here. At best, General's Complaint creates some doubt as to whether the exclusion might apply, which General knows is construed in favor of the insured.

Therefore, General has willfully asserted defenses to coverage which are not bona fide, which are not based on a legitimate policy defense under Illinois law, and which do present genuine legal or factual issues regarding coverage. This action is instead intended to vex Discount, and unreasonably delay General's defense of the Underlying Action. This Court should accordingly grant Counter-Plaintiffs' request for costs and attorney's fees in defending this Declaratory Judgment action.

WHEREFORE, Counter-Plaintiffs DISCOUNT MEGA MALL CORP., KYUN HEE PARK, and JENNIFER PARK pray that this Court grant their Motion for Judgment on the Pleadings and the relief prayed for therein.

                    Respectfully submitted,

                    _____
                    Attorney for Defendants/Counter-Plaintiffs
                    Discount Mega Mall Corp.,
                    Kyun Hee Park, and
                    Jennifer Park

Lawrence B. Ordower
Illinois ARDC No. 2115328
Michael T. Stanley
Ordower & Ordower, P.C.
One North LaSalle Street #1300
Chicago, IL 60602
312-263-5122

C:\Documents and Settings\Larry Ordower\Desktop\Jacob Ramer\GICA v. Clark Mall, et al - Reply in Support of Motion for Judgment on the Pleadings.rtf

10