IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 08 C 2787 |
| vs. | )<br>) |
| | ) Magistrate Judge Jeffrey Cole |
| CLARK MALL CORP. d/b/a DISCOUNT MEGA MALL CORP., MARCOS I. TAPIA, JUAN E. BELLO, JOSE L. GARCIA, LETICIA HURTADO, YOUNG S. KO, MARIANO KON, CHOONG I. KUAN, ROSA G. MADRIGAL, HILDA MENDOZA, MAN OK NO, HEE T. PARK, SUNG W. PARK, MARIA L. ROMAN, VICTOR H. VISOSO. KYUN HEE PARK, and JENNIFER PARK, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This is a declaratory judgment case in which the General Insurance Company of America ("GICA") contended that by virtue of a "care, custody, or control" exclusion in its policy with the defendants, it was not obligated to defend them in a suit in the state court case brought by vendors who lost their property in a fire in a mall the defendants owned in Chicago. I granted a portion of the defendants' motion for judgment on the pleadings. The Memorandum Opinion concluded that since the pleadings in the underlying case in the state court did not show that it was "clear and free from doubt" that the exclusion precluded coverage, judgment on the pleadings was appropriate. *General Insurance. Co. of America v. Clark Mall Corp.*, 631 F.Supp.2d 968 (N.D.Ill. 2009).

GICA has asked me to reconsider that decision. Its argument runs this way: Since the declaratory judgment complaint only alleged conclusorily that at the time of the fire, the merchandise owned by the vendors at the Discount Mall was in the "care, custody, or control" of the Mall, GICA must be allowed to replead factual allegations that would show the applicability of Exclusion 2(j).[1] Since, on a motion for judgment on the pleadings, the well-pled factual allegations of the complaint must be deemed true,[2] once the declaratory judgment complaint is amended to properly plead the Exclusion, a motion for judgment on the pleadings could not be granted. The argument has a look of logic about it, and in other contexts would be unassailable. The difficulty, as with most arguments based on general propositions, is that "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). *See also Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part)("'general observations'" suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract.").

GICA's argument puts out of view the inflexible requirement of Illinois law that when an insurance company files a declaratory judgment action and seeks to go beyond the underlying complaint to show it has no duty to defend, it must produce "evidence," and that evidence must be "appropriate to a motion for summary judgment." *Fidelity & Cas. Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill.App.3d 301, 304, 461 N.E.2d 471, 473 (1st Dist. 1983). GICA has not done

---

[1] GICA contends that leave to replead must be freely granted under Rule 15(a)(2), "when justice so requires."

[2] Well- pled allegations must be taken as true under Rule 12(c), just as they must under Rule 12(b)(6). *Cf., Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir.1999);*Webb v. CBS Broadcasting Inc.*, 2009 WL 1285836, 2 (N.D.Ill.2009).

2

that. Indeed, it refuses even to represent that it has such evidence, despite an exhaustive investigation of the fire and the insureds' possible involvement – as claimed in the amended declaratory judgment complaint.[3]

## ANALYSIS

### A.

Judge Posner has noted "the well-documented tendency, once one has made up one's mind, to search harder for evidence that confirms rather than contradicts one's initial judgment." Richard Posner, How Judges Think, 111 (2008). While that "confirmation bias" may in some small measure account for and contribute to the skepticism with which motions for reconsideration are viewed, sound institutional considerations ultimately provide the underlying reason for the rule that motions for reconsideration are viewed with disfavor. *See e.g., Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990);18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d ed. 2002). Spiraling dockets and the scarcity of judicial resources simply make impossible requests for judges to reconsider their decisions by parties anxious to have another go at it. If that were permissible, or if a motion to reconsider could be used s a vehicle to raise arguments or introduce evidence that could and should have been adduced earlier, litigation

---

[3] The Amended Complaint that GICA seeks to file alleges a miscellany of reasons why it is not obligated to defend the underlying action. One of them is that the property destroyed in the fire was in the "care, custody or control" of the defendants. The amended declaratory judgment complaint also charges the defendant with arson and fraud. In order for the "care, custody or control" exclusion to apply, an insured must assume a duty to protect the plaintiff's property. *See Liberty Mutual Insurance Co. v. Zurich Insurance Co.*, _Ill.App.3d, _N.E.2d_, 2010 WL 2346606 (1st Dist. 2010). This case was called to the court's attention by GICA by letter dated June 11, 2010. It is anything but clear that even if the allegations in GICA's amended complaint could be enough to forestall judgment on the pleadings (when the underlying complaint concededly did not), the Amended Complaint adequately pleads that duty. And, "when the insured has temporary or incidental access to the property or limited possession of an area of the property rather than care, custody or control of the property itself," an insured does not have "care, custody or control" of another's property. *General Ins. Co. of America*, 631 F.Supp.2d at 976.

3

would be prolonged interminably, *cf. Mungo v. Taylor,* 355 f.3d 969, 978 (7th Cir. 2004); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996), and the urgent interests of other litigants in prompt resolution of their cases would be seriously compromised. *Cf. United States v. Underwood,* 130 F.3d 1225, 1227 (7th Cir. 1997); *Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir. 1991).[4]

But judges are not omniscient, and "all judges make mistakes." *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor,* 115 F.3d 1332, 1339 (7th Cir.1997). *Accord Illinois v. Allen,* 397 U.S. 337, 346-347 (1970). "[I]n any given opinion, [a court] can misapprehend the facts ... or even overlook important facts or controlling law." *Olympia Equipment v. Western Union,* 802 F.2d 217, 219 (7th Cir.1986). And so a court must have the power to redress "'[a] grievous wrong [resulting from] some misapprehension or inadvertence by the judge....'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).[5] But that power is to be exercised only in the rarest

---

[4] In 1926, Justice Cardozo lamented that "the fecundity of our case law would make Malthus stand aghast." The Growth Of The Law, 4. Then, there were 300 volumes in the first series of the Federal Reporter and 12 in the Second; both contained the decisions of the district courts and the Circuit Courts of Appeals. In 1926, volume 12 of the Federal Reporter 2d. was under 1,000 pages even with its combined contents. Today, the Federal Reporter is in its Third series and spans thousands of volumes. The Federal Supplement, which did not even begin until 1932, spans almost an equal number (in two series). We are in the third series of the Federal Reporter and the second series of the Federal supplement. These statistics are dwarfed by the staggering volume of unreported decisions from district, magistrate and bankruptcy judges. These statistics are hardly surprising given the fact that there are now more than 1.2 million lawyers in the United States, and law schools are graduating 44,000 lawyers annually. http://www.colby.edu/govt/gcm/gov111/GO111_Courts.pdf; http://www.soc.ucsb.edu/faculty/sutton/Design/Assets/Soc%20173%20Law%20as%20a%20profession.pdf; http://www.michbar.org/journal/article.cfm?articleID=99&volumeID=9. Little wonder that motions for reconsideration are not kindly received.

[5] The quote is from *Belmont v. Erie Ry.,* 52 Barb. 637, 641 (N.Y.App.Div.1869), which the Seventh Circuit attributed to "Justice Cardozo." 906 F.2d at 1191. This was not Benjamin Nathan Cardozo, but his father, Albert, who, in 1874, resigned in disgrace from the New York Supreme Court in the midst of an investigation into allegations of judicial misconduct. *See* Andrew Kaufman, Cardozo, 13-20 (Harv. Univ. Press 1998); Arthur Goodhart, Five Jewish Lawyers of the Common Law, 51-52 (Oxford Univ. Press 1949).

4

of circumstances and where there is a compelling reason: for example, a change in, or clarification of, law that makes clear that the earlier ruling was erroneous, *Solis v. Consulting Fiduciaries, Inc.*, 557 F.3d 772, 780 (7th Cir. 2009); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006), or where the court has misunderstood a party's position or made a significant mistake. It is not a mechanism that allows a party to revisit strategic decisions that prove to be improvident.

GICA's contention that the Memorandum Opinion and Order "was based on the lack of a factual basis in GICA's [declaratory judgment] complaint" is not accurate, (*Motion for Reconsideration*, at 4), and puts out of view the requirements of Illinois law in cases like this. The Memorandum Opinion and Order did note that the allegation that Exclusion 2(j) applied here was a legal conclusion, unsupported by a single factual allegation that would have supported its contention that Exclusion 2(j) absolved it of the duty to defend its insureds in the underlying case. But that was not the basis on which the decision rested. Had the Opinion been based on a perceived deficiency in the declaratory judgment complaint, it would have been unnecessary to focus on the content of the *underlying complaint* in the state court or on the fact that GICA had failed to adduce a single bit of "evidence" in response to the motion for judgment on the pleadings.

In any event, judicial opinions must not be confused with statutes, and general expressions must be read in context, not surgically excised from their broader setting. *See United States v. Skoien*, 2010 WL 2735747, 1 (7th Cir. 2010); *United States v. Gerke Excavating, Inc.*, 412 F.3d 804, 808 (7th Cir. 2005), *cert. granted, and judgment vacated on other grounds*, 128 S.Ct. 2964 (2006); *Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005). The decision was made in response not to a routine motion to dismiss for failure to state a claim but for judgment on the pleadings in a declaratory action brought by an insurance company. In that setting, under Illinois law, the critical

pleading was the complaint in the underlying case, which was attached as an exhibit and which had to be compared to the insurance policy which was quoted in the declaratory judgment complaint and acknowledged in the insureds' answer. *See infra* at 6. Although GICA candidly conceded that "the underlying complaint did not foreclose coverage," and that it had to produce "evidence" under Illinois law, it did not attach evidentiary exhibits to its complaint. And although GICA could have offered evidence in opposition to the motion for judgment on the pleadings and thereby transformed it into a motion for summary judgment, *Schleicher v. Salvation Army*, 518 F.3d 472, 478 (7th Cir. 2008); *General Insurance Co. of America*, 631 F.Supp.2d at 977-78, it chose not to. A review of the "pleadings" and their attachments did not support the claim that the carrier was not obligated to defend the underlying suit. They failed to disclose a genuine issue of material fact and revealed that the movant was entitled to judgment as a matter of law.[6] GICA is bound by the strategic decision it made to resist the Motion for Judgment on the Pleadings without adducing *evidence* of any kind to support its contention that an exclusion in the insurance policy negated any duty it had to defend in the underlying action.

## B.

The Illinois courts have been consistent in their holdings that the duty to defend is determined from the allegations in the *underlying complaint* in the case in which the insured is the defendant:

> To determine an insurer's duty to defend its insured, the court must look to the allegations of the *underlying complaints*. If the *underlying complaints* allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent. An insurer may not justifiably refuse to defend an action against its insured unless it is *clear from the face of the underlying complaints* that the allegations fail to state facts which bring

---

[6] That being the case, GICA's proposed amendment to its declaratory judgment complaint would not prevent granting the motion for judgment on the pleadings.

6

the case within, or potentially within, the policy's coverage. Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy.

*U. S. Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 73, 578 N.E.2d 926, 930 (1991)(emphasis partly in original ("potentially") and partly added (all other emphases))(quoted in *General Insurance. Co. of America*, 631 F.Supp.2d at 976)(*Amended Memorandum Opinion and Order*, at 10). *See also Medmarc Cas.Ins. Co. v. Avent America, Inc.*, _F.3d_, 2010 WL 2780190 (7th Cir. 2010); *National Casualty Co. v. McFatridge*, 604 F.3d 335 (7th Cir. 2010); *Health Care Industry Liability Insurance Program v. Momence Meadows Nursing Center, Inc.*, 566 F.3d 689, 694 (7th Cir. 2009); *Lyerla v. AMCO Insurance Co.*, 536 F.3d 684, 688 (7th Cir. 2008); *General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods*, 215 Ill.2d 146, 828 N.E.2d 1092 (2005); *Murphy v. Urso* 88 Ill.2d 444, 430 N.E.2d 1079 (1981). The underlying complaint is to be liberally construed in favor of the insured, doubts and ambiguities are to be resolved in his favor, *Wilkin Insulation Co.*, 144 Ill.2d at 74, 578 N.E.2d at 930, and the factual allegations of the underlying complaint, rather than the legal theories, determine a duty to defend. *Management Support Associates v. Union Indem. Insurance Co. of New York*, 129 Ill.App.3d 1089, 1097, 473 N.E.2d 405, 411 (1st Dist. 1984).

The rule placing such emphasis on the underlying complaint is adhered to in perhaps all jurisdictions in this country. It grew out of the law's solicitude toward insureds and the belief that "[i]t is... important to resolve disagreements over the duty to defend – which is after all a collateral matter – as early as possible in litigation." *CACI International, Inc. v. St. Paul Fire & Marine Insurance Co.*, 566 F.3d 150, 155 (4th Cir. 2009). Rigid adherence to the rule "serves a salutary

purpose: it prevents courts from conducting an intensive factual analysis at an early stage of the proceedings, which would only increase litigation costs and needlessly tax parties and courts before the underlying suit had barely begun." *Id.*

Not all jurisdictions inflexibly apply the rule. Illinois is one that does not. As the Amended Memorandum Opinion and Order discussed, Illinois law allows a court to look beyond the allegations in the underlying complaint:

> "[I]n some instances, courts have allowed for the consideration of evidence beyond the underlying complaint, with the proviso that the court not determine an issue critical to the underlying action. *American Economy Insurance. Co. v. Holabird and Root*, 382 Ill.App.3d 1017, 1031, 886 N.E.2d 1166, 1178 (1st Dist. 2008); *West Bend Mut. Insurance. Co. v. Sundance Homes, Inc.*, 238 Ill.App.3d 335, 338, 606 N.E.2d 326, 328, (1st Dist. 1992); *Fidelity & Cas. Co. of New York v. Envirodyne Engineers, Inc.*, 122 Ill.App.3d 301, 304, 461 N.E.2d 471, 473 (1st Dist. 1983).

*General Insurance. Co. of America*, 631 F.Supp.2d at 977. A history of the development of the exception to the "black letter" rule may be found in *American Economy Insurance Co. v. Holabird & Root*, 382 Ill.App.3d 1017, 886 N.E.2d 1166 (1st Dist. 2008), whose reasoning was recently approved by the Illinois Supreme Court in *Pekin Insurance Co. v. Wilson*, _Ill.2d_, _N.E.2d_, 2010 WL 1999669 (May 20, 2010). *See* discussion *infra* at 9.

It is this rule the defendant invokes in support of its motion to reconsider, as it did in opposing the motion for judgment on the pleadings initially. Yet GICA never offered evidence in opposition to the motion for judgment on the pleadings. Instead, it relied on the pleadings as they existed – that is, the terms of the insurance policy measured against the allegations in the underlying complaint – and its own allegations in its declaratory judgment complaint that the "care, custody and control" exclusion applied. But the allegations in its complaint were not "evidence," and so the angle of judicial focus was limited to the policy and the underlying complaint. At bottom, the

8

Motion for Reconsideration is based not on the court's error, but on GICA's dissatisfaction with the decision it made as how best to respond to the motion for judgment on the pleadings.

## C.

Most of the cases in which a carrier has been allowed to introduce extrinsic evidence in a declaratory judgment action have involved motions for summary judgment.[7] *Holabird and Root* did, as did *Envirodyne*. *Envirodyne* and many of the other cases in this area are discussed in *Holabird and Root*. *See* 382 Ill.App.3d 1026-1033, 866 N.E.2d at 1174-1179. The distinction between a motion for summary judgment and a motion for judgment on the pleadings in a declaratory judgment action involving the question of a carrier's duty to defend a separate suit against its insured was noted recently by the Illinois Supreme Court in *Pekin Insurance Company*. The Court held that unlike the situation in *Holabird and Root* and *Envirodyne* ( and the other cases that dealt with summary judgment), it was dealing with a motion for judgment on the pleadings, and implicitly rejected the notion that a material issue of fact requiring denial of the motion could exist by virtue of the allegations in the carrier's declaratory judgment complaint.

> Having said this, we are conscious of the fact that both *Holabird & Root* and *Envirodyne Engineers, Inc.* involved summary judgment proceedings in which not only the contents of third-party complaints in the underlying action but other evidence may be considered in determining the insurer's duty to defend. In the case at bar, however, we are dealing with a grant of judgment on the pleadings which, as earlier stated, is like a motion for summary judgment, but limited to the pleadings,
>
> and is properly granted only if the pleadings disclose no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

2010 WL 1999669 at *8.

---

[7] Although it argued in its response to the Motion for Judgment on the Pleadings that it had the right under *Envirodyne* to introduce *evidence*, GICA never represented that it actually had such evidence and more importantly, never attempted to introduce any evidence in opposition to the motion, as it had the right to do.

9

GICA does not dispute that it must demonstrate that the applicability of the exclusion on which it relies is "clear and free from doubt." *General Insurance. Co. of America v. Clark Mall Corp.*, 631 F.Supp.2d at 675. (*Amended Memorandum Opinion and Order*, at 9 (citing *Certain Underwriters at Lloyd's, London v. Boeing Co.*, 385 Ill.App.3d 23, 39, 895 N.E.2d 940, 955 (1st Dist. 2008)). *Accord National Fire Insurance Co. of Hartford v. Walsh Const. Co.*, 392 Ill.App.3d 312, 317, 909 N.E.2d 285, 289 (1st Dist. 2009). Nor does it dispute that all of the cases allowing a court to look beyond the underlying complaint require that the insurance carrier actually adduce "evidence." And yet, despite two rounds of briefing, GICA has yet to specify or even promise to produce any *evidence* to support its conclusion that the "care, custody or control" exclusion applies. (*Motion for Reconsideration*, at 6-10). Instead, GICA unceasingly maintains its focus on the "allegations" in its own complaint and the amended complaint it wants to file:

> GICA relies on *allegations of fact* extrinsic to the allegations of the underlying complaint to show that there is no duty to defend. GICA could not deny its duty to defend based on *this extrinsic evidence* if it had not filed a declaratory judgment action.

(*Motion for Reconsideration*, at 12) (emphasis supplied).

The contention that "allegations" in a declaratory judgment complaint constitute "extrinsic evidence" is both analytically and textually inaccurate. Moreover, that contention is incompatible with the oft-repeated admonition that while a carrier may introduce evidence in the declaratory judgment proceeding, it must be "evidence appropriate to a motion for summary judgment," and that the right to introduce evidence is that "accorded generally to a party during a motion for summary judgment." *Envirodyne*, 122 Ill.App.3d at 305, 461 N.E.2d at 474. To be admissible in a summary judgment proceeding, the evidence must actually be evidence, and it must be admissible at trial.

10

*Tindle v. Pulte Home Corp.*, 607 F.3d 494 (7th Cir. 2010). Allegations in a complaint are not evidence. *See* Rule 56, Federal Rules of Civil Procedure; *Alexander v. CareSource*, 576 F.3d 551 (6th Cir. 2009); *Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722, at 379-80 & 382-84 (1998); *General Insurance. Co. of America v. Clark Mall Corp.*, 631 F.Supp.2d at 980. "[U]nfortunately [for GICA], saying [the contrary] doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010).

The unbroken line of Illinois authority favoring the insured and imposing stringent requirements on carriers claiming that they are not obligated to defend an underlying case rests on basic considerations of public policy and fairness and the inequality that exists between the insurer and its insured. Those considerations would be fundamentally altered if an insurance carrier could choose not to offer evidence in response to a motion for judgment on the pleadings, but instead to rest on its complaint on the theory that the allegations therein must be deemed true. Acceptance of that argument would preclude in all cases the granting of a motion for judgment on the pleadings, by allowing the carrier to effectively substitute the allegations in a declaratory judgment complaint for the admissible evidence as all the Illinois cases require.

Acceptance of GICA's argument would allow insurance carriers to extend the declaratory judgment action interminably while it took discovery – "the bane of modern litigation," *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000)(Posner, J.) – to see if it could find *evidence* to support the *allegations* in the declaratory judgement complaint. That would make the requirement that a carrier must produce evidence when it seeks in a declaratory action to go beyond the underlying complaint a dead echo and would make the carrier's contractual promise to defend

11

"a promise to the ear to be broken to the hope, a teasing illusion like a munificent bequest in a pauper's will." *Edwards v. California*, 314 U.S. 160, 186 (1941) (Jackson, J., concurring).

No case supports *GICA's* approach, and *Nautilus Insurance. Co. v. 1452-4 N. Milwaukee Avenue, LLC*, 562 F.3d 818 (7th Cir. 2009) at least hints that it is incorrect. Nautilus' insured was sued in the state court, and Nautilus denied coverage and brought a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify its insured. The district court found a duty to defend and granted the insured's motion for judgment on the pleadings. On appeal, Nautilus claimed that it had the right to take discovery under *Envirodyne*. The Seventh Circuit found it unnecessary to "reach this question" because it was reversing on another basis. If GICA's contention in the instant case is correct, it seems unlikely that the Court of Appeals would have thought there was any "question" to be resolved.[8]

The case GICA relies upon does not support its argument. In *Country Mutual Insurance Co. v. Waldman Mercantile Co.*, 103 Ill.App.3d 39, 430 N.E.2d 606 (5th Dist. 1981), the application of the exclusion of coverage at issue was decided after evidence was presented to the trial court on a motion for summary judgment. 103 Ill.App. 3d at 40, 430 N.E.2d at 608. This was not a case involving a motion for judgment on the pleadings. It held that the trial court could consider a third party complaint in the underlying action. That is, of course, what *Holabird and Root* and *Pekin Insurance* hold. But the third party complaint was part of the pleadings in the underlying case. That is evidence. Nothing remotely comparable is involved here.

Far more pertinent is *Bolanowski v. McKinney*, 220 Ill.App.3d 910, 913-15, 581 N.E.2d 345,

---

[8] Of course, the result in the case would have been the same since the court concluded that there was another exclusion which did apply.

348-49 (1st Dist. 1991). In that case – also a summary judgment case – the application of the exclusion invoked by the carrier was determined based on the allegations of the underlying complaint. 220 Ill.App.3d at 915, 581 N.E.2d at 348-49. But this case is a judgment on the pleadings case, and the underlying complaint, as GICA concedes, did not absolve it of its obligation to defend its insureds. Curiously, GICA argues in its reply brief that *Bolanowski* is distinguishable "because the insurer in *Bolanowski* alleged no facts that showed the insured had exclusive possession of the property . . . ." (*Reply* at 7). There is nothing to support this conclusion, for the insurer's complaint did not underlie *Bolanowski's* rationale. Indeed, the court did not consider the insurer's declaratory judgment complaint at all:

> Applying these guidelines to the allegations of *plaintiffs' complaint in the underlying suit* against defendants, we cannot say that the record demonstrates that defendants clearly had possessory control of plaintiffs' equipment at the time of the fire.

220 Ill.App.3d at 915, 581 N.E.2d at 348 (emphasis supplied).

A brief survey of recent judgment on the pleadings cases further undercuts GICA's contention. In *Pekin Insurance. Co. v. Wilson*, 391 Ill.App.3d 505, 509-510, 909 N.E.2d 379, 385 (5th Dist. 2009), *aff'd, Pekin Insurance Co. v. Wilson*, _Ill.2d_, _N.E.2d_, 2010 WL 1999669 (May 20, 2010), the insurer filed a declaratory judgment action alleging it did not owe the insured a duty to defend on the underlying complaint and sought judgment on the pleadings. The court did go beyond the underlying complaint, but did not consider the allegations in the declaratory judgment complaint or the insured's answer. Instead, the court looked to the underlying complaint and an attendant counterclaim before determining that the insurer had a duty to defend. 391 Ill.App.3d at 509-513, 909 N.E.2d 379, 385-87.

13

Similarly, in *Pekin Insurance Co. v. United Parcel Service, Inc.*, 381 Ill.App.3d 98, 885 N.E.2d 386 (1st Dist. 2008), the insurer filed a declaratory judgment action alleging it did not owe the insured a duty to defend, alleging that the policy's "additional insured endorsement provides no coverage to [insured] for the negligence of [insured] . . . and [the underlying plaintiff] sued [insured] . . . in connection with an accident of October 3, 2003, based on the alleged negligence of [insured] toward [underlying plaintiff]." 381 Ill.App.3d at 100-01, 885 N.E.2d at 889. The insurer moved for judgment on the pleadings, and the court found the insurer had no duty to defend. It did not rely on the pleadings before it, but only on the allegations of the underlying complaint. 381 Ill.App.3d at 101-04, 885 N.E.2d at 390-93. Although it briefly considered allegations in third-party complaints in the underlying action, it intimated that it need not have done so. 381 Ill.App.3d at 107, 885 N.E.2d at 394 ("Even if we were to consider the allegations made in those complaints . . . .").

Finally, there is *State Farm Fire and Cas. Co. v. Perez*, 387 Ill.App.3d 549, 553, 899 N.E.2d 1231, 1235 (1st Dist. 2008). There, as in the other two cases, the insurer filed a declaratory judgment action and sought judgment on the pleadings. The court acknowledged that it had to accept "all well-pleaded facts and reasonable inferences in the pleadings . . . as true," 387 Ill.App.3d at 551, 889 N.E.2d at 1234, but applied this concept to the allegations of the underlying complaint, not the insurer's declaratory judgment complaint. 387 Ill.App.3d at 553, 889 N.E.2d at 1235. Based on the underlying complaint and the policy, it found the insured had no duty to defend. Similar approaches have been taken in other judgment on the pleadings cases, including *Rock v. State Farm Fire and Cas. Co.*, 2009 WL 3417902 (3rd Dist. 2009).

It is true, as GICA says, that courts will look beyond the allegations of the underlying complaint, even in motions for judgment on the pleading, but they do so to consider *evidence* (which

14

often takes the form of counterclaims in the underlying case), not *allegations* of the insurer's declaratory judgment complaint. And, as already noted, GICA has now filed three briefs on this matter and has had the opportunity to orally argue the point and has not come up with a case that turned on the allegations in the declaratory judgment complaint. And most telling of all, even at this late date, it refuses even to represent that it has evidence supportive of its position.

In *Nautilus Insurance. Co.*, Nautilus' insured was sued in the state court. Nautilus denied coverage and brought a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify its insured in the underlying lawsuits. Nautilus claimed that the property damage alleged in the underlying complaints was excluded from coverage under a particular exclusion. Some of the defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure; others sought judgment on the pleadings under Rule 12(c). All of the motions were premised upon the argument that neither of the exclusions invoked by Nautilus applied, so the district court treated all of the motions as seeking judgment on the pleadings. 562 F.3d at 820-21.

The Court of Appeals reversed. On appeal, Nautilus argued that it was not obligated to defend because it was possible that its insured was using the building in some capacity for storing some personal property there and thus the property might not actually have been "vacant," in which event there would be no coverage. The district court had rejected this argument, noting that nothing in the *underlying complaints* supported this contention; to the contrary, the complaints described vacant property that was demolished and excavated. The Seventh Circuit confirmed this analysis, noting that "[a]t this stage of the proceedings, only the allegations in the underlying complaints are relevant, and they do not mention that any property was being stored in 1452 LLC's building or that the building was anything but vacant. The complaints describe an excavation on 1452 LLC's

15

property, suggesting that 1452 LLC's building was demolished; this is fully consistent with the "vacant land" and "vacant building" classification in the policy." *Id.* at 823.

Moreover, it would be too late for GICA to advert to actual evidence now. *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996). When a party responds to a motion for summary judgment, it is required to "'wheel out all its artillery to defeat it.'" *Caisse Nationale*, 90 F.3d at 1270. The requirement of Illinois law that a carrier that seeks to go beyond the underlying complaint must adduce *evidence* effectively imposes that obligation on an insurance company faced with a motion for judgment on the pleadings in the declaratory judgment case.

The motion for judgment on the pleadings in the instant case was not an exhibition game; it was game seven. There was no point in saving the best players for the next game because there wasn't going to be one. If GICA had evidence, it is not unreasonable to assume it would have been produced – or at least that production would have been promised. Neither occurred. The silence is deafening.

## CONCLUSION

The acute angle of judicial focus in this case was dictated by GICA's decision not to expand the scope of the proceedings by introducing "evidence," as all the Illinois cases demand when an insurance carrier seeks to go beyond the underlying complaint to show it has no duty to defend its insured in the underlying action. Consequently, the case was properly decided on the policy and the underlying complaint, which "contains allegations [as GICA concedes] that potentially fall within the scope of coverage." *Lyerla*, 536 F.3d at 688. Since the underlying complaint alleges facts within or potentially within policy coverage, GICA was obligated to defend its insureds even if the

16

allegations are groundless, false or fraudulent. GICA's motion for reconsideration and for leave to amend its complaint [#64] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 7/26/10