IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENERAL INSURANCE COMPANY )
OF AMERICA, )
                               )
             **Plaintiff,**          )           **No. 08 C 2787**
                               )
vs.                              )
                               )           **Magistrate Judge Jeffrey Cole**
CLARK MALL, CORP. d/b/a DISCOUNT )
MEGA MALL CORP., MARCOS I. TAPIA, )
JUAN E. BELLO, JOSE L. GARCIA, )
LETICIA HURTADO, YOUNG S. KO, )
MARIANO KON, CHOONG I. KUAN, )
ROSA G. MADRIGAL, HILDA MENDOZA, )
MAN OK NO, HEE T. PARK, )
SUNG W. PARK, MARIA L. ROMAN, )
VICTOR H. VISOSO. KYUN HEE PARK, )
and JENNIFER PARK, )
                               )
             **Defendants.**     )
                               )

**MEMORANDUM OPINION AND ORDER**

      This is the latest in an ever-growing string of opinions in this case, this one addressing the defendants' motion for summary judgment on Count II of their counterclaim. The background of this dispute has been detailed before, *see General Ins. Co. of America v. Clark Mall, Corp.*, 631 F.Supp.2d 968, 971 (N.D.Ill. 2009), and will not be revisited here. Count II of the defendants' counterclaim charges the plaintiff insurance company – "GICA" – with breach of contract. The defendants say they had a valid policy with GICA insuring their mall, the mall was badly damaged in a fire, defendants filed a claim for their losses, and GICA has refused to indemnify them. GICA has lodged affirmative defenses pertinent to this count. It contends that the defendants are not entitled to indemnification because: 1) the fire was a result of an intentional act by one of the

defendants; 2) the defendants concealed facts concerning their financial condition and the condition of the mall; 3) the defendants failed to cooperate in the investigation of their claim. The defendants have moved for summary judgment on their breach of contract count.

This case didn't start here, of course. It started in state court with a suit by a number of vendors at the mall in the wake of the fire – *see General Ins. Co. of America v. Clark Mall, Corp.*, 631 F.Supp.2d 968 (N.D.Ill. 2009) – charging the mall owners with all manner of gaffes and malfeasance that purportedly led to the fire. (Underlying Complaint (Dkt. # 43, Ex. A)) ¶ 88). The allegations in the state court complaint are sweeping; they touch on nearly every aspect of the condition of the property and detail scores of health and safety code violations. (Underlying Complaint, ¶¶ 53, 55, 59, 66, 67, 79, 88). The vendors allege that the mall owners deceived them regarding the condition of the property, which the City of Chicago had ordered closed for health and safety reasons. When the mall reopened, the vendors say the myriad problems had not been cured. The mall owners continued to store flammable liquids and gases on the property and keep other fire hazardous materials on the property, failed to properly install electrical equipment or adhere to safety regulations and obtain permits for same, and failed to provide adequate fire protection. (Underlying Complaint (Dkt. # 43, Ex. A), ¶ 88). The vendors allege that these various acts and omissions, which they characterize as negligence, led directly to the fire that destroyed their wares.

One can readily see the problem here. The state court might determine that the mall owners had no culpability for the fire, while here, the questions of arson and property conditions could be resolved differently. There is a real threat of inconsistent decisions. That neither party has broached this topic is perhaps due to the fact that there are *two* species of indemnification at stake in this case. One is indemnification for the defendants' property losses due to the fire, and the other is

2

indemnification from what they might lose to the vendors in the state court lawsuit. The first is not directly implicated in the state court suit – no litigation is needed to determine that the property was destroyed in a fire – but it is indirectly implicated, due to the question of the mall owners' culpability. And culpability is a central issue here.

The Seventh Circuit "regularly say[s] that decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). *See also Medical Assur. Co., Inc. v. Hellman*, – F.3d –, –, 2010 WL 2473219, *4 (7th Cir. 2010)(". . . the duty-to-indemnify point . . . will not be ripe until liability has been established."); *Nationwide Insurance Co. v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit."); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir.1995) ("Illinois treats arguments about the duty to indemnify as unripe until the insured has been held liable."); *Travelers Insurance Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir.1992) ("[T]he determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated."). As the court explained in *Nationwide*:

> When the underlying facts and the nature of the insured's conduct are disputed, the court presiding over the declaratory action typically cannot decide whether the insured acted negligently or intentionally (and consequently whether he has coverage or not) without resolving disputes that should be left to the court presiding over the underlying tort action.

52 F.3d at 694. In that case, the court found it was no abuse of discretion not to reach the question of indemnity where resolution hinged on whether the damage caused was intentional or at least expected or inadvertent. This was a question at the heart of the state court action, and one "properly left, in the first instance, to the court deciding the underlying lawsuit." 52 F.3d at 693.

3

So the motion for summary judgment cannot be entertained. It must be denied – for now. This should come as no surprise to the parties, as both have acknowledged in other briefing in this case that it is inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that are that could bind the parties to the underlying litigation. *West Bend Mut. Ins. Co. v. People*, – N.E.2d –, –, 2010 WL 2165177, *5 (1st Dist. 2010); *Clarendon America Ins. Co. v. B.G.K. Sec. Services, Inc.*, 387 Ill.App.3d 697, 704, 900 N.E.2d 385, 393 (1st Dist. 2008). The question becomes what to do about the question of indemnity itself, which is a part of not only the counterclaim, but the original declaratory judgment action as well, although not all counts of GICA's complaint touch on culpability. A stay comes to mind, *see R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 714 (7th Cir. 2009)(discussing *Wilton/Brillhart* and *Colorado River* doctrines), but in *Hellman* and *Nationwide*, the Seventh Circuit indicated that the "proper disposition would be[] . . . to dismiss." *Hellman*, 2010 WL 2473219, *4 (citing *Nationwide*, 52 F.3d at 693).

The cases cited herein are a start. The next step will best be determined with briefing from the parties on this question. *See Penson v. Ohio*, 488 U.S. 75, 84 (1988)(quoting Lord Eldon: "truth – as well as fairness – is 'best discovered by powerful statements on both sides of the question.' "); *Adamson v. California*, 332 U.S. 45, 59 (1946) (Frankfurter, J., concurring)("the judicial process [is] at its best" only when there are "comprehensive briefs and powerful arguments on both sides...."). Brandeis, *The Living Law*, 10 Ill.L.Rev. 461, 470 (1916)(a "judge rarely performs his functions adequately unless the case before him is adequately presented.").

## CONCLUSION

The defendant/counter claimant's motion for summary judgment [# 147] is DENIED. The parties should submit within 7 days an agreed upon briefing schedule.

4

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

DATE: 9/16/10