# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey Cole | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2787 | **DATE** | 4/5/2011 |
| **CASE TITLE** | General Insurance Company of America vs. Clark Mall Corp., et al | | |

**DOCKET ENTRY TEXT**

Defendant/Counter-plaintiff Discount Megamall's Motion to Strike Plaintiffs in Underlying Action [200] is denied. For specific detail regarding the ruling, please click the document link for the order in its entirety.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Defendant/Counter-plaintiff Discount Megamall ("Megamall") moves to strike several parties from this case, namely those parties who are plaintiffs in the underlying state court case. Under Illinois law, the tort claimants in underlying tort actions are necessary parties that must be joined in any declaratory judgment action brought to resolve insurance coverage disputes involving policies that might be the source of funds to satisfy their claims. *Zurich Ins. Co. v. Baxter Int'l, Inc.,* 173 Ill.2d 235, 245, 670 N.E.2d 664, 668-69 (1996); *Record-A-Hit, Inc. v. National Fire Ins. Co. of Hartford*, 377 Ill.App.3d 642, 647, 880 N.E.2d 205, 209 (1st Dist. 2007); *Great West Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003). Megamall reasons that, because the duty-to-defend portion of General Insurance Company's ("GICA") declaratory judgment action was resolved in Megamall's favor, the underlying plaintiffs no longer have any business in this case. That ruling is currently on appeal.

The indemnification portion of GICA's is still alive. Megamall points out that the matter is not ripe until the underlying action is resolved, but has not argued in favor of dismissal or stay of that portion of GICA's claim. Indeed, it has arguably taken the opposite stance in a separate dispute involving the issue of staying or dismissing Megamall's indemnification claims. There it is contending that its own indemnification claim is ripe, despite the fact that its culpability for the fire is the central issue in the underlying state court case and the indemnification question.

The only case Megamall cites in support of its motion, *Grinnell Mut. Reinsurance Co. v. Reinke*, 43 F.3d 1152 (7th Cir. 1995), holds that the victim of a tort has no standing to appeal a decision finding an insurance company had no duty to defend because they "cannot show how [t]he[y] would gain by a better *defense* by a tortfeasor, as opposed to a payment that the insurer might make to buy out the obligation to defend." 43 F.3d at 1154. The case does not support striking the underlying plaintiffs here, while indemnification remains an issue. Megamall's brief fails to make out its case for striking the underlying plaintiffs. Its motion [#200] is DENIED.