**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 2787 |
| vs. | ) ) ) | Magistrate Judge Jeffrey Cole |
| CLARK MALL, CORP. d/b/a DISCOUNT MEGA MALL CORP., MARCOS I. TAPIA, JUAN E. BELLO, JOSE L. GARCIA, LETICIA HURTADO, YOUNG S. KO, MARIANO KON, CHOONG I. KUAN, ROSA G. MADRIGAL, HILDA MENDOZA, MAN OK NO, HEE T. PARK, SUNG W. PARK, MARIA L. ROMAN, VICTOR H. VISOSO. KYUN HEE PARK, and JENNIFER PARK, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Since this is not the first opinion in this case, the history and the facts surrounding the parties' dispute need not be detailed at any great length. *See General Insurance. Co. of America v. Clark Mall, Corp.*, 631 F.Supp.2d 968, 971 (N.D.Ill. 2009). The case grows out of a fire at the Clark Mall, a discount mall in Chicago, at which vendors maintained kiosks from which they sold their wares. The vendors sued Discount Mega Mall Corp., ("the Corporation") the owner of the Mall, for negligently maintaining the property and thus being responsible for the fire and their losses. Also named as defendants were Kyun and Jennifer Park, who were corporate officers. The complaint in the underlying case also had counts charging the defendants with having made various

misrepresentations to them.[1] Discount Mega Mall Corporation ("the Corporation") had an insurance policy with GICA – plaintiff and counter-defendant here – and expected the insurance company to defend it and its officers in the underlying suit. GICA refused and filed a declaratory judgment action here, asking for a declaration that it was neither obligated to defend the Corporation and its officers and directors, nor indemnify them in connection with the losses the vendors suffered as a consequence of the fire. Up to that point, the case was routine. It was not, however, to remain simple and predictable.

The Corporation filed an amended counterclaim with multiple counts that sought a declaration that GICA was obligated under its policy of insurance to indemnify the Corporation in connection with its own losses and property damage resulting from the fire, including lost income, and requiring GICA to negotiate in good faith with respect to payment of the claim. [Dkt. # 77].[2] The Counterclaim also had separate counts for breach of GICA's insurance contract with the Corporation (Count II), unreasonable and vexatious conduct under Section 155 of the Illinois Insurance Code (215 ILCS 5/155)(Count III), violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act (Count IV), and common law fraud in connection with alleged bad faith demands for documentation of the

---

[1] The complaint in the state court case is sweeping, charging the Corporation with all manner of gaffes and malfeasance, touching on nearly every aspect of the condition of the property, which allegedly include scores of health and safety code violations. (Underlying Complaint (Dkt. # 43, Ex. A)) ¶¶ 53, 55, 59, 66, 67, 79, 88). The vendors allege that the Corporation deceived them regarding the condition of the property, which the City of Chicago had ordered closed for health and safety reasons. When the Mall reopened, the vendors allege the myriad problems had not been cured. The Corporation continued to store flammable liquids and gases and other fire hazardous materials on the property, failed to properly install electrical equipment or adhere to safety regulations and obtain permits for same, and failed to provide adequate fire protection. (Underlying Complaint (Dkt. # 43, Ex. A), ¶ 88). The vendors allege that these various acts and omissions, which they characterize as negligence, led directly to the fire.

[2] In the underlying state action, the vendors also sued Clark Mall Corp., d/b/a Discount Mega Mall Corp. Both are Illinois corporations, but Clark Mall was not an insured under the policy. *General Insurance. Co. of America*, 631 F.Supp.2d at 971.

claim and prolonging its refusal to honor or deny the claim (Count V). All these counts asked that GICA be ordered to pay its (first party) claim and sought attorneys' fees. Counts IV and V sought punitive damages as well. The Second Amended Counterclaim made essentially the same allegations and sought the same relief. [Dkt. #146].

GICA's First Affirmative Defense to the Counterclaim alleged that "the fire at the [Mall] was incendiary," and that the Corporation breached the terms of the policy "by intentionally committing, or conspiring to commit, acts with the intent to cause the subject loss." [Dkt. #193 at pp. 7-8, ¶¶2-3]. In short, GICA charged the Corporation with having torched the Mall. GICA also contended that the Corporation concealed facts concerning its financial condition, and facts relating to the physical condition of the property, thereby precluding liability for the loss. (Second Affirmative Defense). The Fourth Affirmative Defense alleged that there was a *bona fide* dispute regarding coverage, and that GICA's refusal to pay was not vexatious or unreasonable. Finally, the Fifth Affirmative Defense charged that the Corporation, in contravention of its obligations under the policy, had failed to cooperate in the investigation.

The Seventh Circuit recently dismissed GICA's interlocutory appeal of the entry of judgment on the pleadings against GICA on its declaratory judgment complaint for want of jurisdiction. *General Insurance Co. of America v. Clark Mall Corp.*, 644 F.3d. 375 (7th Cir. 2011). GICA's subsequent motion for reconsideration of this court's entry of judgment on the pleadings was denied. *General Insurance Co. of America v. Clark Mall Corp.*, 2011 WL 6182340 (N.D.Ill. 2011). That brings us to GICA's motion to stay any action on the Second Amended Counterclaim pending the outcome of the underlying action in the state court by the vendors against the Corporation. The theory is that there is a danger of reaching a result in this case that would be inconsistent with or

3

would resolve underlying issues in the state court action.

**ANALYSIS**

**A.**

"'Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims.'" *Envision Healthcare, Inc. v. PreferredOne Insurance. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). Conversely, a district court substantial discretion not to stay a proceeding. The source of this discretion is the Declaratory Judgment Act, 28 U.S.C. §§ 2201, itself, which provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a)(emphasis supplied). Given this permissive language, the Supreme Court held in *Brillhart v. Excess Insurance. Co. of America,* 316 U.S. 491 (1942)*,* and later in *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995)*,* that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *See Brillhart*, 316 U.S. at 494-95; *Wilton,* 515 U.S. at 288; *Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010).

Although the Supreme Court has not set out exact criteria for when a court should stay its hand under the Declaratory Judgment Act, the classic example involves a parallel state court proceeding. *Envision Healthcare,* 604 F.3d at 986. But is not limited to such situations. *Nationwide Insurance. v. Zavalis,* 52 F.3d 689, 692 (7th Cir. 1995).[3] Where there is a pending action involving

---

[3] Under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)*,* the existence of a parallel state proceeding is a precondition to abstention. *Beck v. Dobrowski*, 559 F.3d 680, 686 (7th Cir. 2009). Unlike *Colorado River* abstention, discretion under the Declaratory Judgment Act does not turn on the existence of parallel state and federal proceedings. This is not to say that parallel proceedings do not figure into the analysis. *Medical Assurance Co., Inc.*, 610 F.3d at 378-79.

the same parties as in the declaratory judgment case, the decision to stay or dismiss the federal action requires analysis beyond merely assessing whether resolving an issue in the federal action might also determine an issue in the parallel state case.[4]

Since usually an insurance company's "duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit," *Nationwide,* 52 F.3d at 693, "decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). *See also Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010); *Grinnell Mutual Reinsurance Co. v. Reinke,* 43 F.3d 1152, 1154 (7th Cir.1995) *Travelers Insurance Cos. v. Penda Corp.,* 974 F.2d 823, 833 (7th Cir.1992). As the Seventh Circuit explained in *Nationwide*:

> When the underlying facts and the nature of the insured's conduct are disputed, the court presiding over the declaratory action typically cannot decide whether the insured acted negligently or intentionally (and consequently whether he has coverage or not) without resolving disputes that should be left to the court presiding over the underlying tort action.

52 F.3d at 694.

The cases articulating these principles generally involve situations where the question of indemnification raised in the federal case is dependent upon the outcome of the state court suit against the insured. In that setting, sound considerations of comity and efficient use of judicial resources counsel against involvement by a federal court in a state court matter, since the outcome

---

[4] Contrary to GICA's contention, this court is not precluded from proceeding with this case because Illinois law controls the "insurance coverage questions" involved in this case and Illinois purportedly requires that a court in a declaratory judgment case stay the proceedings where it might decide an issue in a parallel case. *See* GICA' Brief in Support of a Stay or Proceedings, at 4. Whether to enter a stay pursuant to the Declaratory Judgment Act is a matter controlled by federal, not state law. The Seventh Circuit, in dismissing GICA's interlocutory appeal, made clear that state law does not trump the "operation of the Federal Rules of Civil Procedure." Equally, it does not trump the operation of the Declaratory Judgment Act.

of the state court case may make unnecessary any expenditure of federal judicial time and energy.

The facts of *Nationwide* are instructive. There, three students attempted to burn initials into the astroturf football field at the University of Illinois. The damage was extensive. The University sued the students in the state court alleging that they were negligent in permitting the fire to get out of control. The students were covered under their parents' policy of insurance that excluded coverage for property damage which is expected or intended by the insured. The insurance company filed a declaratory judgment suit in the district court contending that it had no duty to defend the underlying action and no duty to indemnify the insureds in the event they were found liable. The district court declined to exercise jurisdiction and dismissed the case.

The Seventh Circuit affirmed that part of the decision dealing with the claims for indemnification since resolution of the indemnity question hinged on whether the damage caused was intentional or at least expected or inadvertent. This was a question at the heart of the state court action, and one "properly left, in the first instance, to the court deciding the underlying lawsuit." *Id*. at 693. But the court made clear that there were other factors besides the existence of overlapping questions to be weighed in the balance:

> When a related state action is pending, concerns about comity, the efficient allocation of judicial resources, and fairness to the parties come into play. As the Supreme Court admonished in *Brillhart,* "*[g]ratuitous* interference with the orderly and comprehensive disposition of a state court litigation should be avoided." 316 U.S. at 495. Yet, "the mere pendency of another suit is not enough in itself to refuse a declaration." *Sears, Roebuck & Co. v. Zurich Insurance. Co.,* 422 F.2d 587, 590 (7th Cir. 1970). Instead, the federal court should consider (*among other matters*) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. [citations omitted] *Brillhart,* 316 U.S. at 495.

*Nationwide Insurance.*, 52 F.3d at 692. (Emphasis supplied)(parenthesis in original). *See also Envision*, 604 F.3d at 986. The Seventh Circuit more recently stressed that although the existence of parallel proceedings in the state court is "an appropriate factor to consider for purposes of both the Declaratory Judgment Act and most abstention doctrines,...a finding of parallel suits does not end the inquiry." *Medical Assurance Co., Inc.*, 610 F.3d at 378.

It cannot be too strongly stressed that the instant case is quite different from that with which the court of appeals dealt in *Nationwide* and other cases where the outcome of the underlying state case, if favorable to the defendant, would have made it unnecessary for the federal court to reach the claim for indemnity. In that context, a premature decision of a factual issue that was also involved in the state court case would constitute a "gratuitous" interference with the state court action and would result in what otherwise might have proven to be a needless expenditure of federal judicial resources. Here, precisely the opposite is true since no matter what the outcome of the underlying state court action might be, it will not bind GICA – which is not a party to the action – and will not relieve this court of its obligation to decide the numerous questions presented by the Corporation's multi-count Counterclaim and GICA's affirmative defenses, including whether the Corporation intentionally started the fire, made false representations to GICA to obtain the policy, failed to cooperate with GICA in the investigation of the fire claim as required by the policy, and whether GICA made bad faith demands for documentation from the Corporation and wrongfully prolonged its refusal to honor or deny the claim.

The illustrative factors discussed in *Nationwide* that a district court should consider in determining whether to grant a stay under the Declaratory Judgment Act strongly counsel against a stay of the proceedings in this case. In the state court case the question is whether the Corporation

negligently caused the fire and made false representations to the vendors. In the instant case, it is whether the Corporation committed arson and whether GICA is guilty of the various wrongs alleged in Counts III through V. The parties in the two cases are different. GICA is not a party to the state court action and thus will not be bound by what occurs there. Proceeding with the instant case will not potentially be a needless exercise that might be unnecessary if the state court action were allowed to run its course. No matter the result in the state court case, the instant case will not be mooted. Quite the contrary. The questions in the instant case will remain unresolved whether or not the Corporation is found negligent. Hence, proceeding now will serve a useful purpose in resolving the legal obligations and relationships among GICA and the Corporation and will not merely amount to duplicative and piecemeal litigation. Finally, comparable relief is not available either to the Corporation or GICA absent resolution of the declaratory judgment action and the Counterclaim.

In sum, exercising discretion in favor of a stay would not be appropriate either under the *Colorado River* abstention doctrine, or under the discretion invested in district courts by the Declaratory Judgment Act.[5] In fact, a stay under the unique circumstances of this case would be contrary to and disserve the goals of the Declaratory Judgment Act, which "is to allow for the *efficient* resolution of disputes by an *early* adjudication of the rights of the parties." *Medical Assurance Co., Inc.,* 610 F.3d at 377. (Emphasis supplied). As the Seventh Circuit has emphasized in other contexts, the public has an interest in the prompt resolution of judicial disputes that

---

[5] Under *Colorado River*, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule: The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." 424 U.S. at 813. The "clearest of justifications" must be present for a federal court to stay a proceeding pending completion of a state action. *Id.* at 819. *See Tyrer v. City of South Beloit, Ill.,* 456 F.3d 744, 751 (7th Cir. 2006).

transcends the interests of the parties. *See Gray v. Schaub,* 1999 WL 313743, *2 (7th Cir. 1999); *Matter of Stavriotis,* 977 F.2d 1202, 1205 (7th Cir.1992). *Accord Weingarten Realty Investors v. Miller,* 661 F.3d 904, 913 (5th Cir.2011).

The Corporation's argument in opposition to a stay is ultimately correct, but not quite for the reasons advanced. Its argument focuses on what it contends is the impossibility that the outcome of the instant case will decide a fact that is involved in the state court litigation. Its argument runs this way: GICA has to prove an intentional act – arson – to avoid paying on its policy with the Corporation; the plaintiffs in the state court action have to prove the Corporation's negligence; therefore, a win by the state court plaintiffs will not affect this case, and a win by the Corporation here will not affect the state court action. (*Defendant/Counter-Plaintiff's Response Brief*, at 11-12). That is all true. But the argument ignores the possibility that the Corporation will lose the federal case, and that GICA will prove that the Corporation set the fire.

Were that to happen, there is at least the theoretical possibility that the question of what caused the fire would be affected, but not in the direct way claimed by GICA. The question would then be whether the vendors might be able to take advantage of that judgment under the doctrine of offensive collateral estoppel as defined and limited by Illinois law. If so, the plaintiffs in the state court case might then be in a position to add an alternative count for arson and seek summary judgment. These questions are not explored in GICA's supporting brief, which simply assumes that a verdict adverse to the Corporation here translates to an automatic win for the state court plaintiffs.

But it is anything but certain that the vendors could or would follow that course. It is unclear whether the Corporation has any funds to pay any judgment obtained in the state case under any theory. Proceeding against the Corporation on a theory of arson would ensure that there could never

9

be recovery from the Corporation by virtue of indemnification under its policy with GICA. Perhaps the vendors would prefer to let a determination in this court adverse to the Corporation on the arson issue run its course through the Seventh Circuit and see whether the judgment would be overturned. It is simply impossible to predict what would happen. Thus, it cannot be said that the "prospect" that the declaratory action presents factual questions that the state court has also been asked to decide is "real." *Nationwide Insurance*, 52 F.3d at 693. But as noted, even if the state court case were affected, that does not mean the instant case should be stayed for some indeterminate time, pending trial in the state court.[6]

GICA concedes that "many of the issues presented in this case are distinct from the issues presented in the state court litigation...." *Brief*, at 8. But it argues that the critical issue common to both cases is the Corporation's "responsibility for the fire." *Id.* But that tendencious assessment of what is involved in the cases is doubly flawed. First, as noted, the state court seeks to determine whether the Corporation was negligent, while this case involves the question of whether the Corporation, acting through its officers or agents or servants, committed arson. But even if both questions presented the same question of "fault," as GICA describes it, overlap between an issue involved in the two cases does not determine whether a district court should stay the case before it.

GICA's brief simply puts out of view this significant principle. There is only the *ipse dixit* that proceeding with this case before resolution of the underlying suit is "premature" and will serve "no useful purpose." (*Brief*, at 9). What we have said earlier demonstrates the rather obvious error not only in the prematurity argument, but in the unexplained conclusion that no useful purpose will be served by proceeding with the federal case. Beyond that, GICA's contentions regarding the

---

[6] Discovery is ongoing in the state court and there is no discovery close date. Given the backlog in that court and the present pace of the case, it may be years before the case is even ready for trial.

prematurity and uselessness of proceeding with the federal case are skeletal and unsupported, and thus waived. *See Dexia Credit Local v. Rogan,* 629 F.3d 612, 624-625 (7th Cir. 2010); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010); *United States v. Haynes*, 582 F.3d 686, 704 (7th Cir. 2009); *United States v. Boisture,* 563 F.3d 295, 299 n. 3 (7th Cir.2009); *Plan Trust Funds v. Royal Intern. Drywall and Decorating, Inc.*, 493 F.3d 782, 789 (7th Cir. 2007).

## CONCLUSION

GICA's Motion to Stay the Proceedings [# 207] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 1/27/12

11